**Roger Dale VANDYKE, Appellant**

v.

**The STATE of Texas, Appellee**

**NO. 09–14–00137–CR**

Court of Appeals of Texas, Beaumont.

Submitted on November 19, 2015

Opinion Delivered February 10, 2016

---

14. Although Crayton is black, Jessica was Caucasian.

Scott H. Pawgan, Conroe, for Appellant.

Brett W. Ligon, Dist. Atty., Brent Chapell, Asst. Dist. Atty., Conroe, for Appellee.

Before McKeithen, C.J., Horton and Johnson, JJ.

## OPINION

STEVE McKEITHEN, Chief Justice

Roger Dale VanDyke pleaded guilty to violating the terms of his civil commitment, and the trial court sentenced VanDyke to twenty-five years in prison. VanDyke filed an appellate brief presenting thirteen

issues challenging the constitutionality of the Sexually Violent Predator statute. After VanDyke filed his brief, the Texas Legislature amended the SVP statute. VanDyke filed a supplemental brief, in which he contends that the Legislature decriminalized the conduct for which he was convicted. We affirm the trial court's judgment.

VanDyke's Supplemental Issue

We first address VanDyke's supplemental issue, in which he contends that his conviction should be reversed because the Texas Legislature has decriminalized the conduct for which he was convicted. VanDyke was charged with intentionally or knowingly violating civil commitment requirements, including that he was "unsuccessfully discharged from the Outpatient Sexually Violent Predators Treatment Program[.]" At the time, section 841.085 of the SVP statute provided that "[a] person commits an offense if, after having been adjudicated and civilly committed as a sexually violent predator under this chapter, the person violates a civil commitment requirement imposed under Section 841.082." Act of May 27, 2007, 80th Leg., R.S., ch. 1219, § 8, 2007 Tex. Gen. Laws 4109, 4110. Section 841.082(a)(4) provided that commitment requirements shall include "requiring the person's participation in and compliance with a specific course of treatment provided by the office and compliance with all written requirements imposed by the case manager or otherwise by the office[.]" Act of May 23, 2011, 82nd Leg., R.S., ch. 1201, § 8, 2011 Tex. Gen. Laws 3197, 3200.

The Legislature recently amended the language to require the person to participate in and comply with the sex offender treatment program, but also renumbered the provision as section 841.082(3). Act of May 21, 2015, 84th Leg., R.S., ch. 845,

§ 13, 2015 Tex. Gen. Laws 2700, 2704. The Legislature amended section 841.085 to limit prosecution to violations of civil commitment requirements under subsections (1), (2), (4), and (5). Id. Thus, under the amended statute's plain language, failure to complete sex offender treatment is no longer a basis for prosecution. Id.; see Mitchell v. State, 473 S.W.3d 503, 513 (Tex.App.–El Paso 2015, no pet.) ("[I]n enacting the 2015 amendment to Section 841.085, as it was voted on and as it was enrolled into law, the Legislature used 'clear and unambiguous' language to the effect that a violation of the treatment program requirements found in Section 841.082(a)(3) of the Code, as it was renumbered by the 2015 Act, is no longer a criminal offense.").

Additionally, section 841.085's limitation on prosecution applies to an offense committed before, on, or after the amendment's effective date, "except that a final conviction for an offense under that section that exists on the effective date of this Act remains unaffected[.]" Act of May 21, 2015, 84th Leg., R.S., ch. 845, § 41, 2015 Tex. Gen. Laws 2700, 2711. The Legislature did not define the phrase "final conviction." See id. The Texas Court of Criminals Appeals, however, has held that "a judgment of conviction is not final while the conviction is on appeal." Lundgren v. State, 434 S.W.3d 594, 598 (Tex.Crim.App. 2014).

Moreover, in Mitchell, the El Paso Court of Appeals, when addressing the 2015 amendments to the SVP statute, explained that various common law definitions of "final conviction" do not include convictions pending appeal. Mitchell, 473 S.W.3d at 515–16. The Mitchell Court further explained that other statutes contain savings language, such as "For purposes of this section 'conviction' means a finding of guilt in a court of competent

jurisdiction, and it is of no consequence that the conviction is not final." *Id.* at 517 (quoting *Wright v. State,* 527 S.W.2d 859, 864 (Tex.Crim.App.1975)). *Mitchell* held that "[t]he Legislature would not have found it necessary to make this distinction in these other savings provisions, if it did not recognize that the mere entry of a conviction by the trial court does not render a judgment 'final.'" *Id.* The El Paso Court concluded that "the Legislature intended that the amendment to the penal provision, as set forth in the current version of Section 841.085 of the Texas Health and Safety Code, be applied retroactively to convictions pending on appeal at the time the amendment went into effect." *Id.*

We agree with the reasoning in *Mitchell.* Had the Legislature intended to prevent the amendment to the SVP statute from applying retroactively to convictions pending on appeal, it could have included language to that effect. *See id.* Accordingly, the Legislature decriminalized the offense for which VanDyke was prosecuted. Nevertheless, citing *Ex parte Giles,* 502 S.W.2d 774 (Tex.Crim.App.1973), the State contends that by amending the statute to decriminalize certain conduct, the Legislature "improperly assumed the executive branch's clemency power."

■ Under the Texas Constitution, none of the three governmental branches "shall exercise any power properly attached to either of the others, except in the instances herein expressly permitted." Tex. Const. art. II, § 1. This separation of powers clause is violated in one of two ways: (1) "when one branch of government assumes, or is delegated, *to whatever degree,* a power that is more 'properly attached' to another branch[;]" and (2) "when one branch *unduly* interferes with another branch so that the other branch cannot *effectively* exercise its constitutionally assigned powers." *Armadillo Bail Bonds v.*

*State,* 802 S.W.2d 237, 239 (Tex.Crim.App. 1990). Article IV, section eleven of the Texas Constitution gives the Governor power, after conviction or successful completion of deferred adjudication community supervision, to grant reprieves and commutations and to remit fines and forfeitures. Tex. Const. art. IV, § 11(b).

The *Giles* case involved the Texas Legislature changing the sentencing guidelines in the Texas Controlled Substances Act. *Giles,* 502 S.W.2d at 782–83. The statute provided, "In a criminal action pending, on appeal, or commenced on or after the effective date of this Act, for an offense committed before the effective date, the defendant, if adjudged guilty, shall be assessed punishment under this Act if he so elects by written motion filed with the trial court requesting that the court sentence him under the provisions of this Act." *Id.* at 781. The Texas Court of Criminal Appeals stated:

> It seems too clear to question that if said Section 6.01(c) is applied in relator's case or those similarly situated upon written request, it would result in a less severe punishment being imposed.

> "Commutation" as that term has been defined "means the change of punishment assessed to a less severe one."

> From the very wording of the subsection 6.01(c) it appears that the statute extends commutation to those previously convicted, whose cases are pending appeal on the effective date of the Texas Controlled Substances Act, as a mere gift or a matter of clemency upon the filing of a written request for sentencing or resentencing under the Texas Controlled Substances Act.

> This would appear to be clearly violative of the constitutional provision placing such power of clemency in the hands of the Governor.

This is true because any statute which in any wise abridges or infringes upon the power granted to the Governor by Article IV, Sec. 11, would be unconstitutional, unless sustainable under some other constitutional provision. When the power of clemency has been conferred by the Constitution, it cannot be exercised by the Legislature.

*Id.* at 783 (internal citations omitted). The Court held that the "Legislature exceeded its power in enacting Section 6.01(c) of the Texas Controlled Substances Act insofar as it relates to criminal action pending on appeal on its effective date since it is violative of Article IV, Sec. 11 of our Constitution." *Id.* at 786. "To hold otherwise would be to announce that the Legislature has the authority to invest trial courts with the power to grant commutation, etc., 'after conviction' upon written request, thus usurping the powers granted to the Governor by the Constitution." *Id.*

In this case, the 2015 amendment to section 841.085 applies to those previously convicted of violating their civil commitment requirements by failing to complete sex offender treatment, even though those convictions are pending appeal and not yet final. *See* Act of May 21, 2015, 84th Leg., R.S., ch. 845, § 41, 2015 Tex. Gen. Laws 2700, 2711. The Legislature has essentially pardoned these individuals by applying the amendment to pending convictions. Thus, we conclude that the Legislature has usurped the Governor's clemency power by applying amended section 841.085 to pending criminal proceedings. *See Armadillo Bail Bonds,* 802 S.W.2d at 239; *see also Giles,* 502 S.W.2d at 783, 786; *see also* Act of May 21, 2015, 84th Leg., R.S., ch. 845, § 41, 2015 Tex. Gen. Laws 2700, 2711. Our holding does not impact the remainder of amended section 841.085. *See Giles,* 502 S.W.2d at 786; *see also* Tex. Gov't Code Ann. § 311.032(c) (West 2013). Because the application of amended section 841.085 to pending convictions is unconstitutional, we overrule VanDyke's supplemental issue.

### VanDyke's Remaining Appellate Issues

In issues one, two, three, four, twelve, and thirteen, VanDyke challenges the constitutionality of sections 841.082, 841.085, and 841.141 of the SVP statute on grounds it improperly delegates authority and is unconstitutionally overbroad and vague. This Court has previously rejected these contentions, and we decline to revisit those issues in this appeal. *See In re Commitment of Mullens,* 92 S.W.3d 881, 888 (Tex. App.–Beaumont 2002, pet. denied); *see also Beasley v. Molett,* 95 S.W.3d 590, 609 (Tex.App.–Beaumont 2002, pet. denied). "The constitutionality of various sections of Chapter 841 has been repeatedly challenged, and no section to date has been declared unconstitutional." *In re Commitment of Butler,* No., 2014 WL 4364526, at *4, 2014 Tex.App. LEXIS 10031, at *9 (Tex.App.–Beaumont Sept. 4, 2014, no pet.) (mem.op.). We overrule issues one, two, three, four, twelve, and thirteen.

In issues five, six, and seven, VanDyke argues that: (1) the civil commitment requirement that he participate in and comply with a specific course of treatment provided by the Office of Violent Sex Offender Management ("OVSOM") and shall comply with all written requirements of OVSOM, "permits OVSOM to unconstitutionally fix or alter conditions of Van-Dyke's civil commitment by written instructions[;]" (2) OVSOM made an *ultra vires* decision to discharge VanDyke from the SVP program, and it is a violation of due process to prosecute him for "OV-SOM's illegal actions[;]" and (3) his prosecution "imposes vicarious liability in violation of VanDyke's right to due process." We have previously held that the SVP statute "provides a person considerable

protection, including counsel, experts, jury trial, judicial review, and treatment." *Beasley*, 95 S.W.3d at 614. We have further held that the statute "satisfies constitutional due process concerns, and no fundamental liberty right is abridged without due process." *Id.* at 613. Given the statute's safeguards, we conclude that VanDyke's due process rights were not violated. We overrule issues five, six, and seven.

■ In issue eight, VanDyke contends that section 841.085 is a strict liability statute. The indictment alleged that VanDyke intentionally or knowingly violated the civil commitment requirements imposed upon him. The SVP statute "does not state what the applicable mens rea is for violation of the terms of civil commitment." *Goodwin v. State*, 376 S.W.3d 259, 264 n. 3 (Tex.App.–Austin 2012, pet. ref'd); *see* Tex. Health & Safety Code Ann. § 841.085 (West Supp.2015). When "the definition of an offense does not prescribe a culpable mental state, a culpable mental state is nevertheless required unless the definition plainly dispenses with any mental element." Tex. Penal Code Ann. § 6.02(b) (West 2011). "If the definition of an offense does not prescribe a culpable mental state, but one is nevertheless required under Subsection (b), intent, knowledge, or recklessness suffices to establish criminal responsibility." *Id.* § 6.02(c). Because section 841.085 does not specify a state of mind, proof that VanDyke acted intentionally, knowingly, or recklessly will suffice. *See id.; see also Harris v. State*, 364 S.W.3d 328, 335 (Tex.App.–Houston [1st Dist.] 2012, no pet.). We overrule issue eight.

■ In issue nine, VanDyke complains that the condition regarding sex offender treatment is more restrictive than required by the statute. The commitment order required VanDyke to "*exactingly*

participate in and comply with the specific course of treatment provided by the Council and [to] comply with all written requirements of the Council and case manager[.]" Under the version of the statute applicable to VanDyke, the trial court could impose a condition requiring VanDyke's "participation in and compliance with a specific course of treatment provided by the office and compliance with all written requirements imposed by the case manager or otherwise by the office[.]" Act of May 23, 2011, 82nd Leg., R.S., ch. 1201, § 8, 2011 Tex. Gen. Laws 3197, 3200. According to VanDyke, the trial court's addition of the word "exactingly" "amplifies the risk that [he] will be unfairly charged ... based upon the subjective feelings of OVSOM's employees." The Texas Supreme Court has held that the SVP statute "gives the trial court leeway to fashion restrictions tailored to the particular SVP facing commitment." *In re Commitment of Fisher*, 164 S.W.3d 637, 655 (Tex.2005). The trial court was entitled to customize its civil commitment order, and we cannot say that its use of the word "exactingly" increased VanDyke's risk of prosecution. *See id.* We overrule issue nine.

■ In issues ten and eleven, VanDyke contends that section 841.142 unconstitutionally authorizes the disclosure of confidential information. Section 841.142 authorizes the disclosure of information, including confidential information, to the Multidisciplinary Team, which is tasked with reviewing records concerning the person and making an initial screening recommendation. *See* Tex. Health & Safety Code Ann. §§ 841.022, 841.142 (West Supp.2015); *see also Beasley*, 95 S.W.3d at 606. We have held that although "confidential information is released to and exchanged among appropriate entities, nothing in the statute suggests that the confidential information

is to lose its confidential status simply because the records are under review by the Team." *Beasley*, 95 S.W.3d at 606. "Undeniably, the statute facilitates the Team's screening and review of confidential records, but it does not abrogate the records' confidential status or alter the Team's function of preliminary screening and review." *Id.* In light of *Beasley*, we overrule VanDyke's tenth and eleventh issues challenging the constitutionality of section 841.142. *See id.* Having overruled all of VanDyke's issues, we affirm the trial court's judgment.

AFFIRMED.