SLIP OPINION

Cite as 2016 Ark. App. 257

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CR–15–920

| | |
|---|---|
| FRANKLIN EDWARD LEWIS<br>APPELLANT | **Opinion Delivered** May 11, 2016 |
| V. | APPEAL FROM THE SALINE COUNTY CIRCUIT COURT [NO. 63CR-14-270-3] |
| STATE OF ARKANSAS<br>APPELLEE | HONORABLE GRISHAM PHILLIPS, JUDGE |
| | AFFIRMED |

## RITA W. GRUBER, Judge

Franklin Edward Lewis was charged in the Circuit Court of Saline County with multiple counts of rape against his minor daughter and with one charge of failure to appear. The case proceeded to a jury trial in the circuit court on a single count of rape.[1] The victim and her brother testified at trial that the criminal conduct took place in the back bedroom of a trailer where they lived with their dad and former stepmom. Other witnesses who testified for the State were the children's paternal grandmother; a nurse from Mercy Child Advocacy Center in Hot Springs, Garland County; a child-forensic interviewer from the advocacy center; and two members of law enforcement from the Benton Police Department in Saline County.

Lewis moved for a directed verdict at the conclusion of the State's case, making the following argument:

---

[1]All other charges were nolle-prossed.

> It is not our recollection, Your Honor, that there was ever any specific identification of the defendant as the man sitting in court as the defendant. We don't recall anybody ever, including the witnesses. They spoke about Daddy, they talked about Frank, but they never pointed to him and said, that's the man. I don't know that anybody ever pointed to him and said that's the man. And then the last thing is, we can recall no evidence establishing that anything happened in Saline County.

The court denied the motion, and the defense rested without putting on a case. Lewis renewed his motion for the reasons previously stated; again, the motion was denied. Lewis was convicted of second-degree sexual assault, a lesser-included offense to rape, and was sentenced to 240 months' imprisonment in the Arkansas Department of Correction.

Lewis contends on appeal that the circuit court erred in denying his directed-verdict motion because (1) the court lacked jurisdiction and (2) the prosecution failed to identify him as the person who committed the crime. A motion for a directed verdict is a challenge to the sufficiency of the evidence. *Witcher v. State*, 2010 Ark. 197, at 1, 362 S.W.3d 321, 322. When the sufficiency of the evidence is challenged on appeal, the evidence is viewed in the light most favorable to the verdict. *Id.* The appellate court considers only the evidence supporting the verdict. *Id.* The verdict will be affirmed if it is supported by substantial evidence, which is evidence forceful enough to compel a conclusion without resorting to suspicion or conjecture. *Id.* Under these standards, we affirm.

## I. *Jurisdiction*

The State "is not required to prove jurisdiction or venue unless evidence is admitted that affirmatively shows that the court lacks jurisdiction or venue." Ark. Code Ann. § 5-1-111(b) (Repl. 2013). Our supreme court has noted that "§ 5-1-111(b) created a presumption in favor of jurisdiction in the place where the charge is filed by the State." *Cates*

SLIP OPINION

*v. State*, 329 Ark. 585, 589, 952 S.W.2d 135, 137 (1997) (citing *Higgins v. State*, 317 Ark. 555, 558, 879 S.W.2d 424, 425 (1994)). There is no requirement that the State offer proof of jurisdiction unless there has been a showing of positive evidence that the offense occurred outside the court's jurisdiction. *Smith v. State*, 367 Ark. 274, 284, 239 S.W.3d 494, 502 (2006) (citing *Findley v. State*, 307 Ark. 53, 818 S.W.2d 242 (1991)); *DeWitt v. State*, 306 Ark. 559, 561, 815 S.W.2d 942, 943–44 (1991). Positive evidence consists of something allowing the fact-finder to identify, based on the record, where the crime occurred. *Dix v. State*, 290 Ark. 28, 32, 715 S.W.2d 879, 881 (1986).

Lewis argues that there was insufficient evidence of the circuit court's jurisdiction. He argues that the statutory presumption that jurisdiction is proper in the court where charges are filed "cannot be interpreted in such a way as to relieve the State of proving a fact necessary to constitute the crime, especially when a defendant exercises his constitutional right to remain silent and offer no defense." He points to cases in which our supreme court has discussed evidence supporting a finding that jurisdiction was proper, such as *Gardner v. State*, 263 Ark. 739, 569 S.W.2d 74 (1978).

In *Gardner*, a rape was committed in an automobile that traveled from Arkansas to Oklahoma and to Texas:

> [W]e might be justified in saying that there is no positive evidence that this alleged offense occurred outside Arkansas (i. e., in Texas). There is substantial evidence that it occurred in Arkansas. There was evidence that the rape occurred while Gardner and the alleged victim . . . were backseat passengers in Gardner's automobile, which was being driven by Lynn Sullivan and in which Finis "Bubba" Toomer was then a frontseat passenger. The automobile had been driven from the victim's home near Foreman, Arkansas to Idabel, Oklahoma. There, according to [the victim], Gardner . . . got in the back seat with her and Toomer, who had been in the back seat, then

got in the front seat. From Idabel, the party apparently went into Texas, when the driver missed a turn that would have taken them into Arkansas from Oklahoma.

*Id.* at 746–47, 569 S.W.2d 74, 77 (1978). The victim testified that the automobile stopped somewhere along the way, and Gardner got into the back seat and performed the acts constituting the rape; she did not know where they were, but she could see the landscape along the highway. Sullivan described a location in Little River County, Arkansas, where he saw the victim and Gardner in the back seat, apparently engaging in sexual intercourse. Our supreme court found that the testimony of the victim and Sullivan constituted substantial evidence to support the trial court's finding that it had jurisdiction. *Id.* at 747, 569 S.W.2d 74, 78; *see also Higgins*, 317 Ark. at 557, 879 S.W.2d at 425 (discussing testimony of young victims and holding that "venue was properly laid because there was evidence that the offense described in each count occurred in Polk County").

In the present case, the victim and her brother identified photographs of the trailer and the bed in the back room as the place where the sexual acts took place. Their grandmother testified that her son, "Frank Lewis," and his children were living in a trailer park "towards" Bauxite, Arkansas, at the relevant time; that someone from the trailer park would phone her to pick up her grandchildren because no one was there to take care of them; and that one particular evening, after she had picked them up, her granddaughter whispered that her "daddy" had committed sexual acts on her. The grandmother testified that she took the children to the local police station the next morning. Detective Ron Davidson and Sergeant Patrick Baker of the Benton Police Department also testified that the grandmother brought the children in and the children were taken to Hot Springs, where they were interviewed at

the child-advocacy center; that an affidavit for search warrant was written based on the interviews; that a search-and-seizure warrant for "the residence" was obtained; that detectives "proceeded to the address" to conduct the search and photograph "the residence"; and that they photographed "the outside of the trailer" and the bedroom where the children said the assault had occurred.

Lewis notes that the State offered no proof of the trailer's address through documentation such as a search warrant or through testimony—except that the trailer was "towards" Bauxite. He argues that the grandmother's bringing the children to the Benton Police Department in Saline County is not determinative that the trailer was in Benton or Saline County, and he notes that the child-advocacy center where the children were interviewed is in Garland County. Additionally, he argues that when the defendant exercises his constitutional right not to testify, as he did, the State must offer substantial evidence that jurisdiction is proper. He posits that, although he perhaps could have contested jurisdiction by saying that his residence was not in Saline County, his right not to testify extends to not assisting the State in making its case against him.

This case is not analogous to cases such as *Gardner*, *supra*, or *Higgins*, *supra*, in which positive evidence was introduced that the criminal acts were committed elsewhere; thus, the question of substantial evidence supporting the trial court's finding of jurisdiction does not come into play. There was simply no evidence that the rape occurred in Garland County, where the children were interviewed, or in any location other than the trailer where they lived with their father. Because there was no positive evidence that the act occurred outside

of Saline County, where charges were filed, a presumption was created in favor of jurisdiction in the place where the charge was filed by the State. Ark. Code Ann. § 5-1-111(b). The circuit court did not err in finding that it had jurisdiction.

Lewis also argues that, despite the presumption of proper jurisdiction in the court where the charge is filed, the State must present some evidence of jurisdiction if the defendant fails to contest it by remaining silent. This particular aspect of his argument, however, was not presented to the trial court.[2] Issues raised for the first time on appeal, even constitutional ones, will not be considered because the trial court never had an opportunity to rule on them. *Mason v. State*, 2014 Ark. App. 285, at 8, 435 S.W.3d 510, 515. An appellant must obtain a ruling on an argument to preserve the matter for this court's review, and the appellant then bears the burden of providing a record sufficient to demonstrate error. *Id.* Because Lewis did not develop his right-to-remain-silent argument below or obtain a ruling on it, we will not address this portion of his appeal.

## II. *Identification Testimony*

Lewis contends in his second point that there was insufficient evidence that he was the person who committed the crime. He argues that he was not specifically identified as "Franklin Lewis" at trial.

Identification can be inferred from all the facts and the circumstances that are in evidence. *Holloway v. State*, 312 Ark. 306, 312, 849 S.W.2d 473, 476 (1993). *See id.* (precise

---

[2] The abstract before us contains a colloquy between the court and Lewis's counsel outside the presence of the jury but in the presence of Lewis, in which the court ascertained that he had been advised of his right to testify and had waived that right.

in-court identifications of "Mr. Kenny" may not have been necessary because he was the sole defendant and none of the young victims pointed him out as the wrong man); *Witcher*, 2010 Ark. 197, at 6, 362 S.W.3d, at 324 (even though the victim did not identify Witcher from the stand, her testimony and other evidence constituted sufficient evidence of his identity as the perpetrator of the rape); *Becker v. State*, 298 Ark. 438, 441, 768 S.W.2d 527, 529 (1989) (where Becker was specifically identified as "Mr. Becker" and "the defendant" throughout the trial, the fact that none of the eyewitnesses pointed out that the wrong man was being tried "was eloquent and sufficient proof of identity").

Here, the victim testified, "My dad is Frank. I know when someone touches me wrong and my dad touched me like that." She identified a photograph of her brother's bed, where the sexual act would be committed. Her brother testified that he had witnessed the sexual act that "my dad did to my sister" and had seen him "behind her . . . over the bed." The advocacy-center nurse testified that the victim told her very clearly, "Sometimes my daddy doesn't take good care of me. He does really bad things that are against the law. . . . You know that [sexual act], . . . that's what he does to me." As recounted earlier in this opinion, the grandmother testified that her son was Frank Lewis and that her granddaughter whispered that "Daddy" had committed sexual acts against her.

In denying Lewis's motion for a directed verdict, the circuit court stated that it did not think "the jury could draw any other reasonable conclusion other than the witnesses were talking about this person, the child witnesses." It was up to the jury to infer identification from the facts and the circumstances presented in evidence. The children eyewitnesses



identified Lewis as their father and by his first name, and neither indicated in the courtroom that the wrong man was being tried or that he was not their father. We hold that substantial evidence supports identification of Lewis as the man who sexually assaulted his daughter.

Affirmed.

GLOVER and BROWN, JJ., agree.

*James D. Burns*, Public Defender, Saline County, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Evelyn D. Gomez*, Ass't Att'y Gen., for appellee.