

Cite as 2017 Ark. App. 347

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CR-17-11

| | | |
|---|---|---|
| DAVID JOE PETTY | APPELLANT | **Opinion Delivered:** May 31, 2017 |
| V. | | APPEAL FROM THE HOT SPRING COUNTY CIRCUIT COURT [NO. 30CR-16-92] |
| STATE OF ARKANSAS | APPELLEE | HONORABLE EDDY EASLEY, JUDGE |
| | | AFFIRMED |

## RITA W. GRUBER, Chief Judge

David Petty was found guilty in the Hot Spring County Circuit Court of first-degree assault following an altercation with his brother-in-law Robert Louton.[1] Petty was sentenced to one year of supervised probation and ordered to complete anger-management classes and pay court costs and a $1,000 fine. On appeal, Petty challenges the sufficiency of the evidence to support his conviction. He argues that there was insufficient evidence showing that his weapon was loaded. We affirm.

The testimony at trial revealed the following events. On September 28, 2015, Louton and his wife arrived home and found that Petty had installed fence posts on their property.[2] Louton testified that, while his wife was "bending" some of the posts over, he noticed

---

[1]A person commits assault in the first degree if he or she recklessly engages in conduct that creates a substantial risk of death or serious physical injury to another person. Ark. Code Ann. § 5-13-205(a)(1) (Repl. 2013). First-degree assault is a Class A misdemeanor. Ark. Code Ann. § 5-13-205(b).

[2]The family members were involved in a civil dispute over ownership of the property where they resided.

SLIP OPINION

headlights from Petty's vehicle approaching his home. He testified that he contacted the sheriff's office and was advised to leave the property but that he and his wife later returned on the advice of their civil attorney. He testified that they arrived at home and found Petty and Petty's mother (Louton's mother-in-law) sitting in Louton's front yard on the tailgate of a vehicle. He testified,

> They came up the steps, I'm holding my phone with my left hand and pushing [Petty] backward . . . he's clawing and pushing at me and I'm pushing backward. I am backing up to the top of the steps, and when I got to the top of the steps, [Petty] is still pursuing me and coming at me, and I'm pushing him back. I'm pushing back and trying to hold him off and [my wife] is trying to hold her mother off and get in the front door, and then whenever [my wife] opened the door, gets in, I am at the door pushing and [Petty] comes in the house after me to pursue me. I get backed into a corner not far from the love seat.

He testified that when he realized he was almost in the corner, he shoved Petty "real hard" and "got some separation" between them. He testified that he "pulled his weapon" and "screamed at [Petty] to leave," and Petty "pulled his pistol" and pointed it back at him. Ms. Louton testified that Petty "attacked" her husband while they were trying to enter their home. She further testified that Petty "pulled his gun out" and pointed it as he was leaving.

> Petty moved for a directed verdict at the conclusion of the State's case. He argued,

> In order for that to be a substantial danger of death or serious injury, that gun has to be loaded. If I point an unloaded weapon at somebody you cannot create a substantial danger of death or serious injury because it's not loaded.

Petty renewed his motion and argument after the defense rested without putting on a case. Each time, the circuit court denied the motion. On appeal, Petty argues that the State produced no evidence that the gun he used was loaded and that an "empty gun certainly is of no danger to anyone."

2

SLIP OPINION

The denial of a motion for directed verdict is treated as a challenge to the sufficiency of the evidence. *Robinson v. State*, 2016 Ark. App. 550, at 6, 506 S.W.3d 881, 886. When the sufficiency of the evidence is challenged on appeal, the evidence is viewed in the light most favorable to the verdict. *Lewis v. State*, 2016 Ark. App. 257, at 2, 492 S.W.3d 538, 540. The appellate court considers only the evidence supporting the verdict. *Id*. The verdict will be affirmed if it is supported by substantial evidence. *Id*. Evidence is substantial if it is of sufficient force and character to compel reasonable minds to reach a conclusion and pass beyond suspicion and conjecture. *Davis v. State*, 2015 Ark. App. 328, at 2.

This court has held that a gun pointed at someone is enough to create a substantial danger of death or serious physical injury to another person. *Harris v. State*, 72 Ark. App. 227, 234, 35 S.W.3d 819, 824 (2000). Louton testified that Petty pointed a weapon at him as Petty was fleeing the house. Based on the testimony, substantial evidence supports the conviction, and we affirm.

We now turn to Petty's contention in his brief that drawing his weapon was a "form of reasonable justification" and a "reasonable response under the circumstances." To the extent that Petty argues that he was entitled to the defense of justification, his argument is not preserved for appellate review. A motion for directed verdict based on insufficiency of the evidence must specify how the evidence is deficient. *Scott v. State*, 2015 Ark. App. 504, at 4, 471 S.W.3d 236, 239. The reason underlying this rule is that when specific grounds are stated and the proof is pinpointed, the circuit court can either grant the motion or allow the State to reopen its case and supply the missing proof. *Id*. A further reason that the motion must be

specific is that the appellate court may not decide an issue for the first time on appeal. *Matar v. State*, 2016 Ark. App. 243, at 4, 492 S.W.3d 106, 109. A party is bound by the scope and nature of his or her directed-verdict motion and cannot change the grounds on appeal; appellate review is limited to those grounds that were presented to the circuit court. *Robinson*, 2016 Ark. App. 550, at 6, 506 S.W.3d at 886. Because Petty failed to make his justification argument to the circuit court, we are precluded from addressing it for the first time on appeal.

Were we to consider the merits of Petty's argument, we would affirm. Justification becomes a defense when any evidence tending to support its existence is offered, and once raised, it becomes an element that must be disproved by the State beyond a reasonable doubt. *Lewis v. State*, 2014 Ark. App. 730, at 2, 451 S.W.3d 591, 593. Whether one is justified is largely a matter of the defendant's intent and is generally a question of fact for the jury. *Id.* A defendant's intent is ordinarily not subject to proof by direct evidence but must usually be established by circumstantial evidence. *Id.* Critical to this inquiry is the reasonableness of the accused's apprehension that he was in danger of death or of suffering great bodily harm. *Id.* Also critical is whether the accused used all reasonable means within his power and consistent with his personal safety to avoid the use of deadly force. *Id.* A defendant cannot rely on the defense of justification if the defendant created the situation necessitating his conduct. *Sullivan v. State*, 2015 Ark. App. 514, at 4, 470 S.W.3d 312, 315. Here, Petty sat in wait for Louton to return home. Upon Louton's return, Petty confronted him, attacked him, and continued to pursue him into his home. Louton testified that he

pulled a gun on Petty because he was "backed into a corner" and scared. Because Petty created the situation with Louton, he was not entitled to the defense of justification.

Affirmed.

KLAPPENBACH and HIXSON, JJ., agree.

*The Jesse Law Firm, P.L.C.*, by: *Mark Alan Jesse*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Ashley Priest*, Ass't Att'y Gen., for appellee.