
# ARKANSAS COURT OF APPEALS
DIVISION I
No. CR–16–1079

| | | |
|---|---|---|
| KOREY K. BROWN | APPELLANT | **OPINION DELIVERED:** SEPTEMBER 27, 2017<br><br>APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, FIRST DIVISION [NO. 60CR-14-2410] |
| V. | | HONORABLE LEON JOHNSON, JUDGE |
| STATE OF ARKANSAS | APPELLEE | AFFIRMED |

## ROBERT J. GLADWIN, Judge

Appellant, Korey Brown, appeals his conviction by the Pulaski County Circuit Court on a charge of committing theft of automobile by threat, for which he was sentenced as a habitual offender to eighteen years' imprisonment. Appellant's sole point on appeal is that the trial court erred in denying his motion for a directed verdict. We affirm.

### I. *Facts and Procedural History*

On April 6, 2016, the State filed an amended three-count felony information alleging that on or about January 22, 2014, appellant committed three felony offenses against J.L. The three felony offenses were (1) rape; (2) kidnapping; and (3) theft of J.L.'s automobile by threat of serious physical injury. In the information, the State also alleged that appellant was a habitual offender with four or more prior felony convictions.

At appellant's jury trial held on May 10–12, 2016, the State offered proof through J.L.'s testimony that appellant allegedly threatened J.L. in order to obtain her automobile.

She testified as to the events that occurred early on the morning of January 22, 2014, involving her encounter with appellant that resulted in the above-described charges.

Appellant preserved at trial the issue now on appeal at trial by complying with Arkansas Rule of Criminal Procedure 33.1(a) (2016) when, at the close of the State's presentation of its case-in-chief, appellant's trial counsel moved for a directed verdict on theft by threat as a lesser offense of theft by threat of serious physical injury, based on the State's failure to prove that appellant made any kind of threat to J.L. in order to obtain her automobile. The trial court denied this directed-verdict motion. At the close of presentation of all the evidence, appellant's counsel renewed the earlier motion for a directed verdict, which the trial court also denied.

The jury was unable to reach a verdict on the rape charge but found appellant (1) not guilty of kidnapping and (2) guilty of having committed theft of J.L.'s automobile by threat. The jury sentenced appellant, as a habitual offender, to eighteen years' imprisonment pursuant to a sentencing order filed on May 24, 2016, and an amended sentencing order filed on June 2, 2016. Appellant filed a timely notice of appeal on June 20, 2016.

II. *Standard of Review*

The denial of a motion for directed verdict is treated as a challenge to the sufficiency of the evidence. *Petty v. State*, 2017 Ark. App. 347, __ S.W.3d __. When the sufficiency of the evidence is challenged on appeal, the evidence is viewed in the light most favorable to the verdict. *Id.* The appellate court considers only the evidence that supports the verdict. *Id.* The verdict will be affirmed if it is supported by substantial evidence. *Id.* Evidence is substantial if it is of sufficient force and character to compel reasonable minds to reach a

conclusion and pass beyond suspicion and conjecture. *Id*. This court does not weigh the evidence presented at trial nor does this court assess the credibility of witnesses. *Fronterhouse v. State*, 2015 Ark. App. 211, 463 S.W.3d 312. The fact-finder is free to believe all or part of a witness's testimony and may resolve all questions of conflicting testimony and inconsistent evidence. *Id*. Inconsistent testimony does not render proof insufficient as a matter of law. *Harmon v. State*, 340 Ark. 18, 8 S.W.3d 472 (2000). Criminal intent can be inferred from one's behavior under the circumstances. *Id*. It is presumed that a person intends the natural and probable consequences of his or her acts. *Id*.

## III.  *Discussion*

Appellant argues that the State failed to introduce substantial evidence that he obtained J.L.'s automobile by threat. Appellant submits that J.L.'s testimony established that, while his conduct showed an intention to inflict harm toward her, the State failed to introduce substantial evidence that appellant's menacing behavior was specifically directed toward obtaining J.L.'s automobile. He notes that J.L. never specifically testified that she let appellant obtain her automobile because she believed he would harm her. Appellant submits that the jury had to speculate as to what offense the State was arguing that his conduct was directed toward achieving—the rape, the kidnapping, or the theft of J.L.'s automobile. Appellant argues that the crucial proof missing from the State's case was testimony from J.L. that he obtained her automobile because she felt threatened by him.

"Threat," as is relevant to this case, is defined as "a menace, however communicated, to: cause physical injury to any person." Ark. Code Ann. § 5-36-101(11)(A)(i) (Supp. 2015). Although "menace" is not defined in the Arkansas Criminal Code, the ordinary, dictionary

definition of "menace" is "a show of intention to inflict harm." *See Saffold v. State*, 951 So. 2d 777, 780 (Ala. Crim. App. 2006). A person "obtains" property by theft by threat by bringing about a transfer of the property. Ark. Code Ann. §§ 5-36-101(7)(A); 5-36-103(a)(2) (Repl. 2013).

Appellant argues that even when viewed in the light most favorable to the State, J.L.'s trial testimony established that while his conduct toward her showed an intention to inflict harm on her, his intention to inflict harm on her was not specifically directed toward obtaining her automobile. Appellant compares the facts of a rape and robbery case, *Carter v. State*, 295 Ark. 218, 748 S.W.2d 127 (1988), to illustrate the absence of the State's proof on this point. In *Carter*, during a home-invasion rape, the defendant beat the victim, threatened her with a knife, and then raped her. After he had raped her, the defendant went through the victim's purse looking for money. On appeal, the defendant argued that there was no substantial evidence that he committed robbery because he exercised no physical force against the victim after he had raped her. The Arkansas Supreme Court rejected this argument, noting that when the defendant was going through the victim's purse, "she thought he would start hitting her again." *Carter*, 295 Ark. at 222–23, 748 S.W.2d at 129.

Contrast those facts with this case in which appellant notes that there was no similar testimony from J.L.. She never testified at trial that she allowed appellant to drive her automobile because she feared that he would punch her again or otherwise inflict harm on her. Without such testimony, appellant urges that the jury could only speculate that he punched J.L. in the face to obtain control of her automobile or that he did so to facilitate commission of the offenses of rape or kidnapping.

We disagree, and we hold that the trial court did not err in denying his motion for directed verdict. J.L.'s testimony included that, in the early morning hours of January 22, 2014, after several hours of drinking with friends that left her moderately intoxicated, she left a bar and got into her white 2013 Scion TC. The next thing she remembered was driving down Main Street with appellant in the passenger seat of her automobile, although she did not remember how he got there. J.L. testified that, upon noticing appellant in her passenger seat, she slammed on the brakes and ordered him out of the automobile. She explained that appellant then hit her in the face, that "everything went black," and that when she eventually came to in the passenger seat, appellant was driving her automobile around town. We hold that at that point, appellant had committed theft by threat, based on evidence that he took unauthorized control of J.L.'s automobile by threatening to cause physical injury to her via his hitting her in the face and displacing her from the driver's seat. *See* Ark. Code Ann. § 5-36-101(10)(A)(i) and (ii); and § 5-36-103(a).

We also hold that appellant continued to exercise unauthorized control over J.L.'s person and her automobile by not allowing her to drive it and by refusing to let her out of the automobile. Testimony indicated that, at a stoplight, when J.L. tried to kick her door open and get out, appellant grabbed her and pulled her back in, which caused her to drop her phone. Appellant kept driving the automobile, though she had never asked him to or given him permission to drive it. J.L. testified that appellant kept saying that he "messed up," and she explained that she was worried about her safety.

We note that, even after J.L. eventually escaped from the automobile, appellant continued to behave in such a manner that could have led the jury to conclude that his

5

earlier threatening behavior was intended, at least in part, to facilitate the theft of J.L.'s automobile. Rather than leaving the automobile in the cul-de-sac, appellant continued to drive it, even refueling it so that he could continue to drive it. It was not until he was pursued by a police car with blue lights flashing that he abandoned the automobile and fled on foot. Accordingly, we hold that the jury reasonably could have concluded from appellant's actions after J.L. escaped that the theft of the automobile was at least part of his purpose in behaving in a threatening manner toward her. *See Harmon*, 340 Ark. at 26, 8 S.W.3d at 477.

We find no merit in appellant's argument that the State's proof was deficient because J.L. never specifically stated that she "let" appellant control her automobile because she believed he would inflict harm on her. That argument is based on the incorrect assumption that she ever "let"—or allowed—appellant have control of her automobile. The evidence, viewed in the light most favorable to the State, indicates that appellant took the automobile from J.L. by threat of force and never returned it. Her leaving the automobile while he still maintained control does not equate to her "letting" him have control or use of the automobile; rather, it is evidence that she escaped from appellant, who had stolen her automobile, threatened her, and physically assaulted her. Accordingly, we affirm.

Affirmed.

HARRISON and KLAPPENBACH, JJ., agree.

*William R. Simpson, Jr.*, Public Defender, by: *Clint Miller*, Deputy Public Defender, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Karen Virginia Wallace*, Ass't Att'y Gen., for appellee.