Cite as 2021 Ark. App. 205

# ARKANSAS COURT OF APPEALS

DIVISION I
**No.** CR–20–406

| | |
|---|---|
| GREGORY MCCREE<br><br>APPELLANT<br><br>V.<br><br><br>STATE OF ARKANSAS<br><br>APPELLEE | **Opinion Delivered:** May 5, 2021<br><br>APPEAL FROM THE DREW COUNTY CIRCUIT COURT [NO. 22CR-19-194]<br><br><br>HONORABLE ROBERT BYNUM GIBSON, JR., JUDGE<br><br>AFFIRMED |

## RAYMOND R. ABRAMSON, Judge

Following a jury trial in the Drew County Circuit Court, Gregory McCree was convicted of sexual assault in the second degree and was sentenced to seven years' imprisonment in the Arkansas Department of Correction. On appeal, he challenges the sufficiency of the evidence supporting his sexual-assault conviction and also contends the circuit court erred by striking six prospective jurors for cause. We affirm.

The evidence established that on June 27, 2019, McCree was alone in his kitchen with then eleven-year-old J.J. McCree asked J.J. if he could "feel on [her] breasts" and offered her twenty dollars. When J.J. refused, McCree threated to kill her. McCree then touched J.J.'s breasts and gave her twenty dollars. The State charged McCree with sexual assault in the second degree, and McCree stood trial on February 14, 2020. During jury selection, the circuit court dismissed six prospective jurors because they stated that they

believed the burden of proof was higher for the State in a sexual-assault case than it would be in other criminal cases.

In his first point on appeal, McCree argues there was insufficient evidence to convict him of sexual assault in the second degree. Specifically, he asserts that the State failed to prove that he touched J.J.'s breasts as an act of sexual gratification. He further claims that Arkansas case law holding that the State need not offer direct proof of sexual gratification violates his right to due process. Because his due-process argument is not preserved and sufficient evidence supports his conviction, we are precluded from reviewing it; accordingly, we affirm the decision of the circuit court.

"Parties may not change their argument on appeal and are limited to the scope and nature of their arguments made below." *Hunter v. State*, 330 Ark. 198, 203, 952 S.W.2d 145, 148 (1997). Failure to make a directed-verdict motion "with specificity regarding the sufficiency issue on appeal equates to the motion never having been made." *Maxwell v. State*, 373 Ark. 553, 559, 285 S.W.3d 195, 200 (2008). Even constitutional objections and fundamental constitutional rights, including due-process rights, can be waived if not adequately preserved for appeal. *See, e.g.*, *Collins v. State*, 308 Ark. 536, 537–38, 826 S.W.2d 231, 232 (1992).

In his sufficiency argument, McCree argues that Arkansas case law holding that the State need not offer direct proof of sexual gratification violates his right to due process. But he did not make this constitutional argument in his directed-verdict motion at trial. Therefore, his due-process argument is barred on appeal.

We have long held that appellate review is limited to those grounds that were presented to the circuit court. *Magness v. State*, 2012 Ark. App. 609, at 8, 424 S.W.3d 395, 401; *see also Marbley v. State*, 2019 Ark. App. 583, 590 S.W.3d 793; *Petty v. State*, 2017 Ark. App. 347, 526 S.W.3d 8. Below, McCree simply argued that the State had not presented evidence sufficient to find "beyond speculation and conjecture any sexual gratification which is in the definition of the sexual contact per the statute . . . and furthermore ha[s] not proved [McCree] is over eighteen years of age."

Sufficient evidence supports the verdict in this case. A person commits sexual assault in the second degree if, being eighteen years or older, he engages in sexual contact with another person who is less than fourteen years old and not his spouse. Ark. Code. Ann. § 5-14-125(a)(3) (Supp. 2019). "Sexual contact" means "any act of sexual gratification involving the touching, directly or through clothing, of the sex organs, buttocks, or anus of a person or the breast of a female." Ark. Code Ann. § 5-14-101(11) (Supp. 2019).

Viewed in the light most favorable to the State, we conclude that there is substantial evidence to support McCree's conviction. At trial, J.J. testified that McCree touched her breasts. The jury was entitled to accept her account of the incident rather than McCree's. Further, the jury was allowed to assume that McCree touched eleven-year-old J.J.'s breasts for sexual gratification. That McCree's conduct was criminal is further supported by his threats to kill J.J. and his offer and payment of twenty dollars.

"[C]ase law makes clear that when sexual contact occurs, and there is no legitimate medical reason for it, it can be assumed that such contact was for sexual gratification and the State need not offer direct proof on that element." *Ross v. State*, 2010 Ark. App. 129, at 4.

Moreover, "[t]he victim's testimony need not be corroborated, and the victim's testimony alone, describing the sexual contact, is enough for a conviction." *Ralston v. State*, 2019 Ark. App. 175, at 14, 573 S.W.3d 607, 617. As such, J.J.'s testimony as to the sexual contact is sufficient evidence to prove sexual gratification and to support McCree's conviction.

In his second point on appeal, McCree argues that the circuit court erred by dismissing six prospective jurors for cause. The prospective jurors at issue stated that they believed the State's burden of proof was higher in sexual-assault cases. "The decision to excuse a juror for cause rests within the sound discretion of the trial court, and its decision will not be reversed absent an abuse of discretion." *Bangs v. State*, 338 Ark. 515, 525, 998 S.W.2d 738, 745 (1999). The abuse-of-discretion standard is a high threshold that does not simply require error in the circuit court's decision but requires that the circuit court act improvidently, thoughtlessly, or without due consideration. *Maiden v. State*, 2014 Ark. 294, at 4, 438 S.W.3d 263, 268. Further, an appellate court is to give great deference to the circuit court that sees and hears the potential jurors. *E.g.*, *Anderson v. State*, 357 Ark. 180, 204, 163 S.W.3d 333, 347 (2004).

When deciding whether to strike a juror for cause, "[t]he circuit court must decide if the juror's views would prevent or substantially impair performance of his or her duty as a juror." *Id.* The six prospective jurors at issue had specifically stated that they believed the State should be held to a higher burden of proof in sexual-assault cases. This view is inconsistent with law and could impair these prospective jurors' ability to appropriately judge a sexual-assault case. Therefore, we cannot say that the circuit court abused its discretion by striking them from the jury panel.

McCree further argues that the circuit court erred by not allowing him a chance to rehabilitate the prospective jurors. We do not find this argument persuasive. Rehabilitative questions are not an automatic cure-all. *E.g.*, *Bangs*, 338 Ark. at 525, 998 S.W.2d at 745. Furthermore, under Arkansas Rule of Criminal Procedure 32.2(b) (2019), a circuit court has discretion to permit additional questioning from counsel and is not required to allow additional questions to rehabilitate jurors who have espoused views that would inhibit their service. *See, e.g.*, *Isom v. State*, 356 Ark. 156, 174, 148 S.W.3d 257, 269 (2004) (holding that the circuit court did not err by refusing the defendant in a death-penalty case an opportunity to further question jurors who expressed an inability to consider the death penalty under any circumstances).

We also note that McCree's counsel did not try to rehabilitate the jurors during the remaining process of jury selection. Defense counsel objected to those strikes for cause but raised no other concern at the conclusion of voir dire or the empanelment of the jury. Because the prospective jurors expressed views that could impair their service as jurors, the circuit court did not err by dismissing them for cause without allowing further questioning from counsel.

Moreover, McCree cannot demonstrate prejudice as a result of the strikes. An appellate court will not reverse a circuit court's decision to strike a prospective juror for cause absent a showing of prejudice. *E.g.*, *Owens v. State*, 354 Ark. 644, 661, 128 S.W.3d 445, 456 (2003). A defendant has no right to the service of a particular juror. *Id.* at 660, 128 S.W.3d at 455. Rather, to demonstrate prejudice, a defendant must show that, as a result of the circuit court's actions, a biased or incompetent juror was thrust upon him. *Id.* at 661,

128 S.W.3d at 456. McCree has not shown—and, in fact, has not alleged—that he suffered prejudice as a result of the circuit court's action. Instead, he has alleged only that the circuit court erred by striking the specific prospective jurors. For all the foregoing reasons, we affirm.

Affirmed.

HARRISON, C.J., and GRUBER, J., agree.

*Ogles Law Firm, P.A.*, by: *John Ogles*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Joseph Karl Luebke*, Ass't Att'y Gen., for appellee.