Cite as 2025 Ark. App. 263

# ARKANSAS COURT OF APPEALS

DIVISION I
No. CR-24-542

| | | |
|---|---|---|
| | | Opinion Delivered April 30, 2025 |
| DON LAMAR LOVE | | |
| | APPELLANT | APPEAL FROM THE DESHA COUNTY CIRCUIT COURT |
| V. | | [NO. 21ACR-23-131] |
| | | |
| | | HONORABLE CREWS PURYEAR, JUDGE |
| STATE OF ARKANSAS | | |
| | APPELLEE | |
| | | AFFIRMED |

**N. MARK KLAPPENBACH, Chief Judge**

Don Lamar Love appeals his conviction for possession of a firearm by a felon following a jury trial in the Desha County Circuit Court. On appeal, Love challenges the sufficiency of the evidence supporting his conviction, the circuit court's dismissal of a juror for cause, and the circuit court's denial of his request for a continuance. We affirm.

Love first argues that there was insufficient evidence that he possessed the rifle found in his truck. This argument is not preserved for review. To preserve a challenge to the sufficiency of the evidence, an appellant must make a specific motion for a directed verdict that informs the circuit court of the exact element of the crime that the State has failed to prove. *Jones v. State*, 2019 Ark. App. 219. Love's directed-verdict motion simply stated that "the State has failed to make a prima facie case that [Love] possessed a firearm." An argument

that the State has not made a prima facie case is insufficient to preserve any specific deficiency in the State's case for appellate review. *Jones, supra.* Accordingly, Love's sufficiency-of-the-evidence argument is not preserved for appeal.

Love next argues that the circuit court improperly granted the State's motion to strike a prospective juror for cause because her views would not prevent or substantially impair the performance of her duty as a juror. During jury selection, several prospective jurors expressed doubt about their ability or willingness to find a defendant guilty when it would result in a prison sentence. The State eventually moved to strike Juror 44 for cause because she stated that she could not sit in judgment in this case. The defense objected, and Juror 44 was questioned again and changed her answer several times. The court ultimately questioned her as follows:

> THE COURT: I need a definitive answer. You've indicated to me one way. You've indicated to defense counsel another way. Can you sit on this jury and decide this case?
>
> JUROR 44: No.

The court granted the State's motion to strike over the defense's objection. On appeal, Love acknowledges that Juror 44 "went back and forth a few times," but he argues that she ultimately told defense counsel that she would be able to find him guilty and impose a sentence if the evidence demonstrated his guilt beyond a reasonable doubt.

The decision to excuse a juror for cause rests within the sound discretion of the circuit court, and its decision will not be reversed absent an abuse of discretion. *McCree v. State,* 2021 Ark. App. 205, 624 S.W.3d 114. An appellate court is to give great deference to the

2

circuit court that sees and hears the potential jurors. *Id.* When deciding whether to strike a juror for cause, the circuit court must decide if the juror's views would prevent or substantially impair the performance of his or her duty as a juror. *Id.*

While Juror 44 did tell defense counsel that she would be able to find Love guilty and impose a sentence, this occurred before the final exchange quoted above in which the court asked for a definitive answer. Juror 44 changed her answer approximately eight times. Her inability to decide and her ultimate answer of no indicate that her views would impair her ability to perform as a juror. Accordingly, we cannot say that the circuit court abused its discretion by striking her for cause. Additionally, we will not reverse a circuit court's decision to strike a prospective juror for cause absent a showing of prejudice. *McCree*, *supra*. A defendant has no right to the service of a particular juror. *Id.* Rather, to demonstrate prejudice, a defendant must show that, as a result of the circuit court's actions, a biased or incompetent juror was thrust upon him. *Id.* Love has not shown or even alleged that he suffered prejudice from the court's decision.

Love next challenges the circuit court's denial of his request for a continuance. After jury selection, the State informed the court that Love's witness, Lisa Crockett, is a convicted felon and needed to be advised of her right to remain silent before taking the stand to potentially testify that the rifle found in Love's truck was in her possession. Defense counsel stated that Crockett had reported that she is not a felon. The court then questioned Crockett and asked for her name, former names, and date of birth. When asked whether she had ever been convicted of a felony, Crockett replied that she had never been to prison. Upon

further questioning, she acknowledged that she had received probation and a suspended sentence for two crimes. The court concluded that she is a felon and advised her of her right not to testify. Crockett invoked her right to remain silent.

Defense counsel then asked for a continuance, arguing that the State was "sandbagging" the defense by waiting until the day of trial to bring up Crockett's felony record when the State had been notified several weeks before that she would be a defense witness. Defense counsel also argued that the State had access to information the defense did not regarding Crockett's criminal record. The State argued that the defense did have access to the online court-records database that initially revealed to the State her status as a felon. Furthermore, the State argued that it had no duty to reveal this information to the defense regarding a defense witness. The court ruled that the State was not required to provide the defense with the criminal history of defense witnesses and denied the motion for a continuance.

Love argues that it was improper for the circuit court to deny his request for a continuance due to the State's failure to provide the necessary information before trial. Love suggests that the State violated Rules 17.1 through 17.3 of the Arkansas Rules of Criminal Procedure. However, Rule 17.1(a)(vi) specifies that the State's obligation to disclose any record of prior criminal convictions is limited to "persons whom the prosecuting attorney intends to call as witnesses." Love has pointed to no rule requiring the State to disclose the criminal history of a defense witness. Moreover, the defense must use diligence and may not rely on discovery as a complete substitute for its own investigation. *Kuykendall v. State*, 2024

4

Ark. App. 129, 685 S.W.3d 289. The defense's failure to investigate Crockett's misinformed answer did not entitle it to a continuance.

Affirmed.

ABRAMSON and MURPHY, JJ., agree.

*Vicki Lucas*, for appellant.

*Tim Griffin*, Att'y Gen., by: *Michael Zangari*, Ass't Att'y Gen., for appellee.