

Cite as 2014 Ark. App. 730

# ARKANSAS COURT OF APPEALS

DIVISION II
No. CR-14-222

| | |
|---|---|
| | **Opinion Delivered** December 17, 2014 |
| AKEEM ALLAJOWUAN LEWIS<br>APPELLANT | APPEAL FROM THE<br>INDEPENDENCE COUNTY<br>CIRCUIT COURT |
| V. | [NO. CR-13-139] |
| STATE OF ARKANSAS<br>APPELLEE | HONORABLE JOHN DAN KEMP,<br>JUDGE |
| | AFFIRMED |

## KENNETH S. HIXSON, Judge

After a jury trial in Independence County Circuit Court, appellant Akeem Allajowuan Lewis was convicted of two counts of second-degree murder in the shooting deaths of John L. Weeams and Omar Scales. Appellant was sentenced to consecutive eight- and twenty-year prison terms, respectively. On appeal, appellant argues (1) that the State failed to negate his justification defense, and (2) that the trial court abused its discretion in running his sentences consecutively instead of concurrently. We affirm.

Appellant's criminal charges were the result of a shootout between John L. Weeams and appellant. The shootout happened at a night-time gathering on July 6, 2013, at Bennie Dodd's residence located at 295 Dry Run Circle in Batesville, Arkansas. Appellant concedes on appeal that he shot both victims, although shooting Omar Scales was accidental because Scales was an innocent bystander. Appellant's first argument is that he raised the defense of

justification and that the State failed to carry its burden to disprove that defense beyond a reasonable doubt. We disagree with his argument.

Justification becomes a defense when any evidence tending to support its existence is offered, and once raised, it becomes an element that must be disproved by the State beyond a reasonable doubt. *Green v. State*, 2011 Ark. App. 700. Whether one is justified is largely a matter of the defendant's intent and is generally a fact question for the jury. *Id*. A defendant's intent is ordinarily not subject to proof by direct evidence but must usually be established by circumstantial evidence. *Id*. Critical to this inquiry is the reasonableness of the accused's apprehension that he was in danger of death or of suffering great bodily harm. *Id*. Also critical is whether the accused used all reasonable means within his power and consistent with his personal safety to avoid the use of deadly force. Id; *see also* Ark. Code Ann. § 5-2-607 (Repl. 2006).

As requested by defense counsel, the jury was instructed on the justification defense as to the murder of Weeams[1] based on Arkansas Model Jury Instruction–Criminal 705:

> Akeem Lewis asserts as a defense to the charge of second degree murder that deadly physical force was necessary to defend himself. This is a defense only if; First, Akeem Lewis reasonably believed that John Weeams was committing or was using or about to use unlawful deadly physical force; And second, Akeem Lewis only used such force as he reasonably believed to be necessary.

> A person is not justified in using deadly physical force if he knows that the use of deadly physical force can be avoided with complete safety by retreating. However, he is not required to retreat if he was not the original aggressor.

---

[1]Defense counsel did not request a justification defense instruction with regard to the murder of Scales. The jury was, consequently, not asked to consider justification as to that count of second–degree murder.

Akeem Lewis is asserting this defense and is required only to raise a reasonable doubt in your minds. . . . Reasonably believes or reasonable belief means the belief that an ordinary, prudent man would form under the circumstances in question and one not recklessly or negligently formed.

When reviewing the sufficiency of the State's negation of a justification defense, the appellate court employs a substantial-evidence standard of review. *Jones v. State*, 2011 Ark. App. 92. Substantial evidence is evidence that is forceful enough to compel a conclusion beyond suspicion and conjecture. *Id.* We view the evidence in the light most favorable to the State and consider only the evidence that supports the verdict. *Id.* We will not reverse the jury's decision in rejecting a justification defense unless the verdict required speculation and conjecture. *Moody v. State*, 2014 Ark. App. 538. The jury, not our court on appeal, weighs the evidence and judges credibility of witnesses. *Id.* The fact-finder is not required to set aside common sense and need not view each fact in isolation, but rather considers the evidence as a whole. *Williams v. State*, 96 Ark. App. 277, 241 S.W.3d 290 (2006). Flight is probative evidence of guilt. *Gillard v. State*, 366 Ark. 217, 234 S.W.3d 310 (2006).

Testimony at the jury trial revealed the following. There was a party at Mr. Dodd's residence that night. Weeams and appellant were both outside, on or near Dodd's porch, shortly before the shooting started. The men exchanged words; it was interpreted as "a verbal altercation" between the two.[2] Moments later, the men started shooting at one another. Weeams fired his .38 revolver several times in appellant's direction, and appellant fired his 9mm semiautomatic weapon several times in Weeams's direction. Appellant then fled on

---

[2]Appellant allegedly said to Weeams just prior to the shootout, "I'm about what I'm talking about."

foot. Weeams was struck by one bullet in the upper left chest; that bullet exited his back slightly lower and toward the right side. Weeams bled to death at Dodd's house.

Scales was nearby but not involved in this gunfight; he was struck in his torso near his pelvis. Although conscious at the scene, Scales was transported by ambulance to the local hospital, where he died. A 9mm bullet was removed from Scales's body at autopsy.

The jury had to decide, among other things, who drew his weapon and began firing first and whether appellant was justified in acting as he did. Datra Strickland testified that she and Weeams were living together at the time of his death, and she was with him at the gathering at Dodd's house. She said that although she had been drinking at the gathering, she was clear on the circumstances of the shootout. She said that she and Weeams were on Dodd's porch, about five feet away from appellant, when appellant made a comment to Weeams, pulled a gun from his pants, and started shooting. Strickland testified that Weeams fired many shots in return but that appellant's gun fired a lot faster than Weeams's gun. She saw appellant run away. When it was over, she and Weeams went inside Dodd's house and sat on Dodd's couch. Very soon she observed blood coming out of Weeams's mouth. Strickland called 911, but Weeams died on the scene.

Sergeant Shawn Stephens testified that in responding to the call just after 8:00 p.m., and in speaking with Strickland, she described appellant as a lighter-skinned, tall, thin African-American man in his twenties. According to Stephens, Strickland told him that she did not know what happened.

Another person at Dodd's house that night was Robert Tosh Smith (a/k/a "Jukie"). Smith was interviewed by law enforcement officers three days after the shooting. In that recorded interview, Smith told officers that appellant was the first to pull his 9mm gun out and start shooting at Weeams. Smith described appellant firing his gun, running backward off the porch, and continuing to fire as he ran toward the street. Smith provided a handwritten statement the same day, reflecting this same course of events. Smith testified, however, that he later "made a correction" by telling law enforcement that Weeams was the first to pull his .38 revolver. Smith agreed that the recorded interview with officers was his "best recollection at that particular time," but stated that he was pretty traumatized by the shooting. On the stand, Smith testified that he saw Weeams pull his gun first, but "I mean it seemed like it was at the same time." Appellant did not testify at trial.

Appellant argues that because these were the only two witnesses to the actual shooting, and because Strickland was not credible and Smith's testimony at trial was that Weeams was the aggressor, the State failed to disprove the justification defense beyond a reasonable doubt. We disagree.

The jury is free to accept or reject any part of a witness's testimony, and credibility and the weight to give any evidence are issues left solely to the jury. *Moody v. State*, *supra*. The jury decides whether the circumstantial evidence excludes every hypothesis consistent with innocence, and it turns largely on what the jury concluded regarding appellant's intent. *Id.* Because there was evidence from which the jury could find appellant not to be justified in his use of deadly force in this instance, we affirm on this point.



Appellant's other argument on appeal is that the trial court abused its discretion in ordering that the eight- and twenty-year prison sentences run consecutively instead of concurrently. The State contends that this issue is not preserved for appellate review, and alternatively, that appellant fails to demonstrate an abuse of discretion. We reach the merits of the argument and affirm.

Prior to the pronouncement of sentence, appellant's attorney requested that the trial court exercise its discretion and be merciful by running the sentences concurrently. The prosecutor asked that they run consecutively. The trial court ruled as follows:

> [H]aving heard all the evidence in this case and also the argument presented as to whether the sentences should run concurrent or consecutive, the Court will exercise its discretion and order that the sentences run consecutively for a total of twenty-eight years to serve in the Arkansas Department of Correction.

This issue was preserved for our review.

To the merits, when multiple sentences of imprisonment are imposed on a defendant convicted of more than one offense, the sentences shall run concurrently unless, upon recommendation of the jury or the trial court's own motion, the court orders the sentences to run consecutively. Ark. Code Ann. § 5-4-403(a) (Repl. 2006). The question of whether sentences should run consecutively or concurrently lies solely within the province of the trial court. *Throneberry v. State*, 2009 Ark. 507, 342 S.W.3d 269. The exercise of that discretion will not be altered on appeal unless it is clearly shown to have been abused. *Steele v. State*, 2014 Ark. App. 257, 434 S.W.3d 424. The appellant assumes a heavy burden of demonstrating that the trial judge failed to give due consideration to the exercise of his discretion in the matter of consecutive sentences. *Id*; *see also Bunch v. State*, 344 Ark. 730, 43

SLIP OPINION

S.W.3d 132 (2001); *Turner v. State*, 2012 Ark. App. 150, 391 S.W.3d 358. The circuit court must actually exercise discretion in sentencing. *Throneberry v. State*, *supra*.

Here, the jury heard testimony from some members of the victims' families that, although pained by their losses, they had forgiven appellant for killing their loved ones. Appellant took the stand and asked for mercy. The jury was not asked to, and thus did not, make a recommendation as to concurrent or consecutive sentencing.

Appellant was exposed to six-to-thirty years, up to a $15,000 fine, or both on each count of second-degree murder. The jury sentenced appellant to eight years for the second-degree murder of Weeams and to twenty years for the second-degree murder of Scales. The trial judge sentenced appellant to consecutive sentences totaling twenty-eight years rather than concurrent sentences totaling twenty years. Appellant's sentence is well within the statutory sentencing range, even for a single count of second-degree murder. The judge's commentary demonstrates that he exercised his discretion in ordering consecutive sentences, and appellant has failed to demonstrate an abuse of that discretion. Thus, we affirm on appellant's second point on appeal.

Affirmed.

GLADWIN, C.J., and WHITEAKER, J., agree.

*Morris Law Firm, P.A.*, by: *Jimmy C. Morris, Jr.*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Jake H. Jones*, Ass't Att'y Gen., for appellee.