

# ARKANSAS COURT OF APPEALS

DIVISION I
**No.** CR-15-166

GEORGE SULLIVAN

                 **APPELLANT**

V.

STATE OF ARKANSAS

                 **APPELLEE**

**Opinion Delivered:** September 23, 2015

APPEAL FROM THE CONWAY COUNTY CIRCUIT COURT
[NO. 15CR-13-25]

HONORABLE JERRY DON RAMEY, JUDGE

AFFIRMED

## WAYMOND M. BROWN, Judge

On August 11, 2014, a Conway County jury found George Sullivan (hereinafter "appellant") guilty of second-degree murder after he fatally shot Eric Criswell. On appeal, he argues that the circuit court erred in failing to grant his motion for a directed verdict and, specifically, that the court erred in denying his motion because the State failed to negate his justification defense. We affirm.

Morrilton police officers were called to 206 North Hills during the afternoon of January 28, 2013. There, they found the body of Eric Criswell, who had been shot in the chest and left buttock, lying in the doorway to the residence. While officers were securing the scene, they discovered eight spent .45-caliber hulls between the porch and the driveway. The points of impact of the bullets were primarily located around the porch, and none impacted above the door-handle level.

After interviewing witnesses, officers apprehended appellant as a suspect. He then gave a statement. Appellant informed police that earlier in the day he and Richard Palma had purchased fraudulent drugs from Criswell's girlfriend, Charity King. Palma, who provided the gun, drove appellant to Criswell's house to confront King, and began circling the block. After appellant knocked on the door, Criswell and his friend, Josh Hardiman, came outside. He stated that, after talking for a moment, Criswell went back inside and slammed the door in his face. Criswell then came back outside, and the two began arguing with each other. Soon thereafter, appellant alleges that Criswell, a much bigger man, lunged at him with one hand apparently behind his back, as if to conceal a weapon, and he "blacked out," firing eight warning shots. One of those shots struck Criswell in the middle of the chest. Criswell said, "Are you serious?" and moved toward his door. Appellant left with Palma.

On August 11, 2014, in addition to the testimony of multiple witnesses, appellant's recorded statement was played for the jury. At the end of the State's case-in-chief, appellant moved for a directed verdict, asserting justification as a defense for his use of deadly force. His motion was denied.

Our court reviews motions for directed verdicts as challenges to the sufficiency of the evidence, and will affirm the circuit court's denial of a motion for a directed verdict if there is substantial evidence, direct or circumstantial, to support the jury's verdict.[1] "Substantial evidence" is evidence that is forceful enough to compel a conclusion one way

---

[1] *Williamson v. State*, 2009 Ark. 568, 350 S.W.3d 787 (2009); *Flowers v. State*, 373 Ark. 127, 282 S.W.3d 767 (2008).

SLIP OPINION

or the other beyond speculation and conjecture.[2] In determining whether substantial

evidence supports the finding of the trial court, we do not reweigh evidence.[3] Rather,

evidence is viewed in the light most favorable to the appellee and the conviction is

affirmed if there is substantial evidence to support the verdict.[4] Similarly, when reviewing

the sufficiency of the State's negation of a justification defense, our court employs

substantial evidence as the standard of review.[5]

"A person commits murder in the second degree if: (1) the person knowingly

causes the death of another person under circumstances manifesting extreme indifference

to the value of human life."[6]

> A person acts knowingly with respect to his conduct or the attendant
> circumstances when he is aware that his conduct is of that nature or that
> such circumstances exist. A person acts knowingly with respect to a result of
> his conduct when he is aware that it is practically certain that his conduct
> will cause such a result.[7]

For purposes of second degree murder, one acts "under circumstances manifesting

extreme indifference to the value of human life" when he engages in deliberate conduct

---

[2] *Price v. State*, 373 Ark. 435, 284 S.W.3d 462 (2008).

[3] *Mauppin v. State*, 314 Ark. 566, 865 S.W.2d 270 (1993).

[4] *Reed v. State*, 91 Ark. App. 267, 209 S.W.3d 449 (2005); *Stewart v. State*, 89 Ark. App. 86, 200 S.W.3d 465 (2004).

[5] *Lewis v. State*, 2014 Ark. App. 730, 451 S.W.3d 591.

[6] Ark. Code Ann. § 5-10-103(a)(1).

[7] Ark. Code Ann. § 5-2-202(2).

which culminates in the death of some person.[8] Justification becomes a defense when any evidence tending to support its existence is offered, and once raised, it becomes an element that must be disproved by the State.[9] Whether one is justified in using deadly force is an issue for the jury.[10] A defendant cannot rely on the defense of justification if the defendant created the situation necessitating his conduct.[11]

Appellant sets forth four reasons in arguing that the State did not prove that he knowingly caused the death of Eric Criswell, or alternatively, that he was justified in doing so. First, he argues that the evidence at the crime scene shows that he was backing up while firing. Second, no bullets were fired above the level of the door handle. Third, there was no blood found in front of the house or on the porch, and therefore, he did not know Criswell was shot. Fourth, Criswell's comment "are you serious?" was not indicative of a person who had been shot.

A jury could find that appellant's arguments and his defense of justification are without merit. Appellant intentionally fired eight "warning shots" at Criswell. Two struck Criswell, including a fatal shot to the center of his chest. The jury found that such conduct established extreme indifference to human life. Appellant's argument that the fact that the bullets were fired below the door handle is indicative that he was without intent was also found to be meritless. First, the simple act of pointing a loaded gun at Criswell was

---

[8] *Byrd v. State*, 337 Ark. 413, 992 S.W.2d 759 (1999).

[9] *Lewis, supra*.

[10] *Id*.

[11] *Peals v. State*, 266 Ark. 410, 584 S.W.2d 1 (1979).

enough to satisfy the intent standard of second-degree murder.[12] Second, evidence showed that at least one shot was fired above the door handle as it struck Criswell, a tall man, in the center of his chest. Third, appellant is incorrect in his assertion that one could not reasonably anticipate the death of a victim solely because shots were fired below the waist.

Appellant also was not justified in using such force against Criswell. Primarily, appellant initiated the situation that brought about his use of deadly force. He arrived at Criswell's home with a loaded gun and when Criswell went back inside, appellant remained. Further, evidence at the crime scene did not support appellant's assertion that he was backing up when firing shots. Finally, Josh Hardiman, an eyewitness, testified that Criswell never "charged" at the appellant; that he never left the porch. Even if appellant's statements are accurate, a jury could find that firing eight shots in the direction of a person lunging at him was unreasonable.

We affirm.

ABRAMSON and HARRISON, JJ., agree.

*Files & Brasuell, PLLC*, by: *Toney B. Brasuell*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Kristen C. Green*, Ass't Att'y Gen., for appellee.

---

[12] *Price v. State*, 347 Ark. 708, 66 S.W.3d 653 (2002).