SLIP OPINION

Cite as 2017 Ark. App. 157

# ARKANSAS COURT OF APPEALS

DIVISION IV
**No.** CR–16–605

| | |
|---|---|
| ALEX LAMAR WADE<br><br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br><br>APPELLEE | **Opinion Delivered:** March 8, 2017<br><br>APPEAL FROM THE GARLAND COUNTY CIRCUIT COURT [NO. 26CR–15–5]<br><br>HONORABLE JOHN HOMER WRIGHT, JUDGE<br><br>AFFIRMED |

### MIKE MURPHY, Judge

A Garland County jury convicted appellant Alex Wade of second-degree murder. On appeal, Wade contends that sufficient evidence did not support his conviction and that the circuit court abused its discretion by excluding the victim's toxicology report.[1] We affirm.

This case stems from Wade fatally shooting James Holmes. The night before the incident, Wade was visiting a friend, Joe Dickerson, in Hot Springs, Arkansas, and the two traveled to a party in Malvern, Arkansas. Dickerson drove Wade, Holmes, Brandon Irving, and Marcus Calhoun to a party. This was the first time Wade had met Holmes. Dickerson

---

[1] In Wade's appellate brief, under the table of contents, he listed an additional point on appeal— "The trial court abused its discretion when it denied appellant's motion for mistrial after testimony that was manifestly prejudicial"—but he failed to bring the issue up throughout the brief; therefore, we do not consider it.

became so intoxicated that he was asked to leave the party. Dickerson left in another car, and Wade, Holmes, Calhoun, and two other young men left in Dickerson's car a few minutes later. As they drove away from the party, Holmes fired numerous shots into the air from the backseat of the car.

When Wade and the other passengers in Dickerson's car arrived in Hot Springs, Wade kicked two of the men out of the car, leaving him, Calhoun and Holmes in the car. Shortly thereafter, around 4:00 a.m., Wade struck a curb, blowing out the right front tire. He continued to drive until the car was inoperable, which required him to stop on the side of the road. Holmes called his cousin Jacob Nooner to pick him up. Shortly after Nooner had picked him and Calhoun up, Holmes realized that he had left a bag of marijuana in Dickerson's car, so Nooner turned the car around retrieve it. As Holmes was getting out of the car, Wade walked over and met him in front of Nooner's car. The two men argued briefly before Holmes walked past Wade to the rear passenger door of Dickerson's car. At this time, Wade walked to the rear driver's side door of Nooner's car, where he opened the door and grabbed a gun that was sitting on one of the passenger's lap. Wade then walked back to the front of the car and pointed the gun at Holmes; Wade then shot him in the abdomen.

Wade admitted that he had shot and killed the victim; however, he alleged that he did so in self-defense. Wade testified that he shot Holmes because he believed Holmes and the other men had come back to harm him. He alleged that Holmes raised his shirt to show Wade that he was armed as he walked past him to Dickerson's car. When Wade fired the gun, he thought Holmes was reaching for a gun; yet Wade admitted that he never saw a

gun in Holmes's hand. The jury found Wade guilty of second-degree murder and sentenced him to twenty years' imprisonment with a consecutive term of twelve years' imprisonment for a firearm enhancement. Wade timely filed his notice of appeal.

On appeal, a motion for directed verdict is treated as a challenge to the sufficiency of the evidence. *See Reynolds v. State*, 2016 Ark. 214, at 3, 492 S.W.3d 491, 494. This court views the evidence in the light most favorable to the State and affirms if there is substantial evidence to support the verdict. *Id.* Substantial evidence is that which is of sufficient force and character that it will, with reasonable certainty, compel a conclusion one way or the other, without resorting to speculation or conjecture. *Id.* This court does not weigh the evidence presented at trial or assess the credibility of the witnesses, because those are matters for the fact-finder. *Id.* The trier of fact is free to believe all or part of any witness's testimony and may resolve questions of conflicting testimony and inconsistent evidence. *Id.*

For his first point on appeal, Wade argues that there was not sufficient evidence to support the second-degree murder-conviction; specifically, he claims that he was justified in killing Holmes and that the State failed to negate his claim that he acted in self-defense. A person commits murder in the second degree if the person knowingly causes the death of another person under circumstances manifesting extreme indifference to the value of human life. Ark. Code Ann. § 5-10-103(a)(1) (Repl. 2013). A person acts knowingly with respect to his conduct or the attendant circumstances when he is aware that his conduct is of that nature or that such circumstances exist; a person acts knowingly with respect to a result of his conduct when he is aware that it is practically certain that his conduct will cause such a result. Ark. Code Ann. § 5-2-202(2) (Repl. 2013). When there is any evidence to support

the existence of a justification defense, the justification becomes an element of the offense that the State is required to disprove beyond a reasonable doubt. Ark. Code Ann. § 5-1-102(5) (Repl. 2013). A person is justified in using deadly physical force upon another person if the person reasonably believes that the other person is using or is about to use unlawful deadly physical force. Ark. Code Ann. § 5-2-607 (Supp. 2015). However, a person may not use deadly physical force in self-defense if the person knows that he or she can avoid the necessity of using deadly physical force by retreating. *Id*. Whether one is justified in using deadly force is an issue for the jury. *Sullivan v. State*, 2015 Ark. App. 514, at 4, 470 S.W.3d 312, 315.

There is substantial evidence that Wade was not justified in using such force against Holmes. Wade testified that he did not have any sort of problem or animosity with Holmes, but he felt his life was in danger because, when he came back to the car, he believed Holmes was reaching for a gun. In fact, the evidence supports that Wade was the first and only person to draw a weapon. Moreover, a surveillance video from a nearby business appears to show that Wade was the initial aggressor and that he failed to retreat. The video recording, the testimony of the eyewitnesses, and the testimony of Wade himself provide substantial evidence to support the jury's finding that the State negated Wade's justification defense beyond a reasonable doubt.

For his second point on appeal, Wade argues that the circuit court abused its discretion when it granted the State's motion to exclude testimony from the medical examiner that Holmes had illegal controlled substances in his system at the time of his death. Rule 401 of the Arkansas Rules of Evidence defines relevant evidence as "evidence having

any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Arkansas Rule of Evidence 402 further provides that "[e]vidence which is not relevant is not admissible." Even relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice. Ark. R. Evid. 403. In *Sipe v. State*, we held that evidence of the victim's intoxication at the time of death was irrelevant to the appellant's claim of self-defense and thus inadmissible. 2012 Ark. App. 261, at 11, 404 S.W.3d 164, 171. In *Sipe*, the appellant sought to introduce the victim's toxicology report, which showed that at the time of his death, he was under the influence of amphetamines, opiates, hydrocodone, and several other drugs. *Id.* at 13, 404 S.W.3d at 172. We affirmed the circuit court's ruling that it was not only prejudicial but also completely irrelevant unless the appellant knew at the time of the shooting that the victim was intoxicated. *Id.*

Similarly, Wade sought to introduce Holmes's toxicology report to support his claim that, given Holmes's aggressive and erratic behavior, it was reasonable for Wade to believe Holmes was reaching for a gun. The testimony at trial established that Wade knew Holmes had been drinking, but he did not have any knowledge regarding Holmes's ingestion of drugs. Because Wade did not know at the time of the shooting that Holmes had ingested drugs, the toxicology report was irrelevant, and the circuit court did not abuse its discretion in ruling that the toxicology report's probative value was far outweighed by the danger of unfair prejudice. Moreover, Wade was not prejudiced by the circuit court's ruling excluding the toxicology report because he presented ample proof of the victim's erratic and aggressive

behavior. There was testimony that Holmes was intoxicated and was repeatedly firing his gun into the air when he left the party. Additionally, the jury considered Wade's testimony that Holmes had raised his shirt to display his gun shortly before the shooting. Accordingly, Wade was not prejudiced by the exclusion of the report, and the circuit court did not abuse its discretion in excluding it at trial.

Affirmed.

WHITEAKER and VAUGHT, JJ., agree.

*Willard Proctor, Jr., P.A.*, by: *Willard Proctor, Jr.*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Rebecca Kane*, Ass't Att'y Gen., for appellee.