
# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CR-16-1071

| | | |
|---|---|---|
| C.J.M. | | **Opinion Delivered:** September 27, 2017 |
| | APPELLANT | |
| | | APPEAL FROM THE GARLAND COUNTY CIRCUIT COURT [NO. 26JV-16-120] |
| V. | | |
| STATE OF ARKANSAS | | HONORABLE TED C. CAPEHEART, JUDGE |
| | APPELLEE | |
| | | AFFIRMED |

## RAYMOND R. ABRAMSON, Judge

On June 14, 2016, the Garland County Circuit Court found C.J.M. and his codefendant, K.B., guilty of rape and entered an adjudication order on June 20, 2016. We note that this is a companion case to *K.B. v. State*, 2017 Ark. App. 478, also handed down today. On appeal, C.J.M. argues that (1) his rights under *Brady v. Maryland*, 373 U.S. 83 (1963), and *Arizona v. Youngblood*, 488 U.S. 51 (1988) were violated by the alleged withholding and destruction of evidence that he claims may have been exculpatory; (2) the circuit court erred by considering K.B.'s pretrial statement in adjudicating C.J.M. delinquent, and (3) the circuit court abused its discretion by not excluding certain evidence based on a violation of Arkansas Rule of Criminal Procedure 17.1 (2016). We affirm.

On March 1, 2016, a juvenile-delinquency petition was filed against C.J.M., alleging that he committed the offense of rape. K.B. was also charged with rape against the same

SLIP OPINION

victim. With the agreement of defense counsel, a joint-delinquency proceeding was held for both C.J.M. and K.B. The circuit court found both C.J.M. and K.B. guilty of rape and entered an adjudication order; the juveniles were sentenced to Division of Youth Services' custody. C.J.M.'s timely appeal followed.

C.J.M. first argues that his due-process rights were violated under *Brady*, *supra*, and *Arizona*, *supra*. As the State observes in its brief, a detailed recitation of the procedural history is needed regarding this point on appeal.  C.J.M.'s arguments concern text messages on the victim's cell phone. On May 12, 2016, the court held a motions hearing at which defense counsel informed the circuit court that it had become aware that the victim's cell phone had been in the State's custody since at least early March and that the defense wanted access to the phone as soon as possible. The deputy prosecutor responded and informed the court that the State did have possession of the cell phone but that it was his understanding that the phone had been forensically examined, and there was nothing on it. The circuit court ruled that pursuant to *Brady*, if the State found anything on the phone, it was under an obligation to turn it over to the court. The court reduced several of its oral rulings to writing in an order entered on June 2, 2016.

The cell-phone issue was again addressed at the beginning of the delinquency-adjudication hearing on June 8, 2016. Defense counsel informed the circuit court that it never received any information recovered from the cell phone. The deputy prosecutor explained that Lieutenant Martin with the Garland County Sheriff's Office was the individual who had attempted to retrieve the information from the phone. Martin was unable to retrieve any information from it because it had a broken "home" button. The

deputy prosecutor informed the court that Martin had provided a letter explaining this to defense counsel. Because the phone was inoperable, it was returned to the victim.

The deputy prosecutor further explained that he had emailed the court all information gathered from the cell-phone provider as a result of a subpoena *duces tecum*, which included "call logs and records, incoming and outgoing calls." The court then provided these call logs and records to defense counsel.

Defense counsel argued that the cell-phone provider should have had the content of the victim's text messages and that sending the phone to the defense's own expert is "definitely a start." The circuit court then offered to grant the defense a continuance so that it could conduct further investigation on the cell phone. Counsel for both K.B. and C.J.M. stated that they did not want a continuance.

The next day, defense counsel moved to either dismiss the charges or hold a contempt hearing based on alleged misconduct by the police and prosecutors regarding the phone. The circuit court denied the defense's motion, ruling from the bench,

> I am not impressed with the way the phone and phone records were handled, but any problems could have been remedied with a continuance yesterday. You waived that, and I'm denying your motion. We are going to proceed.

When the victim testified, the court asked the parties if they wanted to look at the cell phone to see if there was anything on it that was relevant to the proceeding. In court, the judge connected the phone and manually searched for text messages on the phone from February 24, 2016, through February 26, 2016. The court's review of the phone revealed that there were no messages on the phone between the victim and her friend J.Y. from the day the rape occurred, February 24, 2016. However, the cell-phone-provider records

showed that many messages were exchanged between the two on that date. Defense counsel stated, "We'd like to make a record of the fact that the text messages from the 24th, the day of, have been removed [by] someone." The court again ruled that "this all could have been taken care of with a continuance" and then made the phone part of the record.

Defense counsel reviewed texts from the phone during the hearing and then renewed the motions to dismiss and sought a contempt hearing, arguing that, based on the cell-phone-provider records, approximately 186 text messages between the victim and J.Y. from February 24, 2016, had allegedly been deleted from the phone. The court again denied the motion.

The defense relied on the allegedly deleted text messages in its cross-examination of State witnesses in its motion to dismiss and in closing arguments. After C.J.M. and K.B. had been adjudicated delinquent based on their commission of the rape, they filed a joint motion for a new trial, alleging, in part, misconduct by the prosecution relating to the cell phone. After a hearing, the motion for new trial was denied.

On appeal, C.J.M. now contends that "withholding and destruction of apparently useful evidence violates the Due Process Clause of the Fourteenth Amendment under the spoliation doctrine and [*Brady*]." He maintains that, with respect to the contents of the cell phone, the State breached its duty under *Brady*, 373 U.S. 83, and *Youngblood*, 488 U.S. 51, to preserve potentially exculpatory evidence.

We agree with the State that C.J.M.'s arguments relating to the contents of the cell phone are waived on appeal. The circuit court repeatedly offered C.J.M. continuances so that he and his codefendant could investigate the contents of the cell phone. C.J.M. rejected

these offers to allow K.B. and him additional time to investigate. Because additional investigation would likely have provided C.J.M. with the allegedly deleted texts, and he refused offers of a continuance made for that purpose, he has waived his arguments on appeal about the court's rulings as to the contents of the victim's cell phone. *See, e.g.*, *Clemons v. State*, 2010 Ark. 337, at 12, 369 S.W.3d 710, 716; *Tester v. State*, 342 Ark. 549, 558, 30 S.W.3d 99, 105 (2000).

C.J.M. next argues that the circuit court erred by considering K.B.'s statements in adjudicating him and finding him guilty of rape.[1] We do not find merit in this argument. The circuit court ruled before the adjudication hearing that it would consider the statement only as to K.B., and that the statement would not be considered as evidence against C.J.M. C.J.M.'s claim on appeal that the circuit court did, in fact, consider the statement in adjudicating him delinquent is unsubstantiated.

The statements were the subject of a motion to suppress by K.B. and a motion to exclude by C.J.M. The court denied K.B.'s motion to suppress the statements, finding that although they were made in custody, they were "not subject to the *Miranda* warning because they weren't being questioned as extemporaneous statement and it would be admissible against [K.B]." The court held in abeyance C.J.M.'s motion to exclude the statements for use against him until counsel for both defendants decided whether they wanted the two juvenile-delinquency adjudications heard together. At a later hearing, when defense counsel

---

[1]The statements at issue were: "Is [C.M.] coming too?" and "How can it be rape if our penises weren't out?"

informed the court that they were proceeding with a joint trial on the two defendants, the court ruled that the statements "would only be admissible against the declarant."

The circuit court ruled before the adjudication hearing that K.B.'s statements would not be considered against C.J.M. The circuit court is presumed to know and follow the law. *E.g.*, *Haynes v. State*, 354 Ark. 514, 527, 127 S.W.3d 456, 463 (2003); *Whitener v. State*, 96 Ark. App. 354, 357, 241 S.W.3d 779, 782 (2006). Furthermore, in cases tried without a jury, the circuit court is presumed to have considered only competent evidence, and this presumption is overcome only when there is an indication that the court did give some consideration to the inadmissible evidence. *E.g.*, *Marshall v. State*, 342 Ark. 172, 175, 27 S.W.3d 392, 394 (2000). Here, there is no indication that the circuit court disregarded its own ruling and gave consideration to the statements by K.B. in adjudicating C.J.M. delinquent. As such, we hold that C.J.M.'s second point on appeal is without merit.

C.J.M.'s final argument is that the State failed to comply with Arkansas Rule of Criminal Procedure 17.1. We hold that this point is not preserved for our review. C.J.M. maintains that the State violated the circuit court's order that the cell phone be delivered to the court and that the court's subsequent admission into evidence of the remaining text messages recovered from the cell phone was an abuse of discretion. However, C.J.M. never made a specific objection under Rule 17.1 of the Arkansas Rules of Criminal Procedure, and there is no ruling from the court regarding this argument. Additionally, when the circuit court admitted a disc containing the text messages recovered from the victim's phone, C.J.M. did not object to the admission of that evidence.

To preserve an argument for review on appeal, there must be a specific objection made to the circuit court that is sufficient to apprise it of the particular error alleged. *Maciel v. State*, 2016 Ark. App. 413, 501 S.W.3d 847. It is well settled that arguments not raised at trial will not be addressed for the first time on appeal, and parties cannot change the ground for an objection on appeal but are bound by the scope and nature of the objections and arguments presented at trial. *See, e.g.*, *Smith v. State*, 354 Ark. 226, 242, 11 S.W.3d 542, 551 (2003). Because C.J.M. did not make his appellate argument below, it is not preserved for appeal. Accordingly, we affirm.

Affirmed.

VAUGHT and HIXSON, JJ., agree.

*Seth Bowman*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Kathryn Henry*, Ass't Att'y Gen., for appellee.