RITA W. GRUBER, Chief Judge
This case is before us after we remanded to settle and supplement the record and ordered rebriefing in T.R. v State , 2018 Ark. App. 109, 2018 WL 847230. Appellant T.R. was charged in the Juvenile Division of the Craighead County Circuit Court with battery in the third degree and with violating his probation based on the alleged battery. The court adjudicated appellant delinquent on the third-degree-battery charge and found him to be in violation of his probation. Appellant contends that the court erred when it (1) misapplied the defense of justification in the trial on battery in the third degree and (2) revoked his probation because no battery was committed. We affirm.
On February 22, 2017, appellant was adjudicated delinquent in case no. JV-2017-51 for minor in possession of a handgun, obstructing governmental operations, and theft by receiving. His disposition was 24 months' probation and 90 days in the juvenile detention center. During his time in juvenile detention, appellant allegedly attacked a fellow juvenile and was charged with battery in the third degree on April 3, 2017. In addition, the State filed a petition to revoke appellant's probation in case no. JV-2017-51 based on the battery charge. An adjudication hearing took place on May 10, 2017, in which the trial court heard both cases together.
At the hearing, Marshall Poole, the director of education at the juvenile detention center, testified that he had witnessed the April 3, 2017 incident. He testified that the victim, D.G., had been sitting at a computer station beside the door of the classroom when appellant came into the room. Poole stated that appellant "came in, he went over and started swinging" at D.G. Poole testified that appellant hit D.G. a "couple" of times. Poole was not aware of anything that led up to this fight.
D.G. testified that the night before the incident he and appellant had argued, and he told appellant, "In the school I'm gonna hit you." D.G. did not say anything to appellant on the morning of the incident. D.G. explained that appellant "rushed" him *455 when he walked in the room and hit him a couple of times in the face. D.G. stood up after appellant rushed him. D.G. did not have any bruises from the incident.
Following the State's case, appellant made a motion to dismiss.[1] The court denied the motion, and appellant testified in his own defense.
Appellant testified that the night before the incident, D.G. threatened to hit him at school. Appellant said he was "fearing for his life" and "feeling like [D.G.] was going to hit" him. He elaborated, "So when D.G. looked at me, he stand up. So the first thing that came to my mind-I got to defend my own self so I had rushed him." Appellant testified that he did not tell the guards or other staff of D.G.'s threat the night before or on the morning of the incident.
Appellant renewed the motion to dismiss, which was again denied. The circuit court found appellant guilty beyond a reasonable doubt of the battery charge and found that appellant had violated the terms of his probation based on the battery. At the May 31, 2017 disposition hearing, appellant was committed to the Division of Youth Services.
Appellant first argues that the trial court erred when it misapplied the defense of justification in his trial on the third-degree-battery charge. Specifically, appellant contends that the trial court erred when it ruled that our statutes on justification do not apply when twelve hours had passed since the initial threat of harm. The State responds that appellant has waived this argument on appeal for failing to object below on this basis. We agree.
At the close of the State's case, appellant moved to dismiss, arguing justification under Ark. Code Ann. § 5-2-606, which provides in part:
(a)(1) A person is justified in using physical force upon another person to defend himself or herself or a third person from what the person reasonably believes to be the use or imminent use of unlawful physical force by that other person, and the person may use a degree of force that he or she reasonably believes to be necessary.
Ark. Code Ann. § 5-2-606(a)(1). Counsel for appellant explained that the victim did not want appellant charged because the victim had threatened appellant the night before. Counsel stated, "I'm asking for a directed verdict on that because of the self-defense." In denying the motion, the trial court stated "Denied.... You can't be an aggressor twelve hours after someone made a threat, and that is not justification under [the] criminal law statute regarding justification." The renewed motion on the same grounds at the close of the evidence was again denied.
Here, nothing in appellant's initial motion to dismiss or renewed motion raised the argument he now makes-that the court misapplied the law.[2] To preserve an argument for review on appeal, there must be a specific objection made to the trial court that is sufficient to apprise it of *456 the particular error alleged. C.J.M. v. State , 2017 Ark. App. 477, at 7, 531 S.W.3d 412, 416. When the court made its initial ruling, appellant did not object. Moreover, appellant failed to make this objection in his renewed motion when he was aware of the court's ruling. It is well settled that arguments not raised at trial will not be addressed for the first time on appeal, and parties cannot change the ground for an objection on appeal but are bound by the scope and nature of the objections and arguments presented at trial. Id.
Within his first point on appeal, appellant also argues that the trial court improperly declined to hold the State to its burden of proof regarding the justification defense. Because appellant failed to raise this below, we will not consider this argument on appeal. C.J.M. , 2017 Ark. App. 477, at 7, 531 S.W.3d at 416 ; see also Kinsey v. State , 2016 Ark. 393, 503 S.W.3d 772. Even though this issue was not preserved, if we were to reach the argument that the State failed to negate the defense of justification, we disagree.
Justification becomes a defense when any evidence tending to support its existence is offered, and once raised, it becomes an element that must be disproved by the State beyond a reasonable doubt. Lewis v. State , 2014 Ark. App. 730, at 2, 451 S.W.3d 591, 593. Whether one is justified is largely a matter of the defendant's intent and is generally a factual question for the trier of fact. Id. A defendant's intent is ordinarily not subject to proof by direct evidence but must usually be established by circumstantial evidence. Id.
In reviewing the sufficiency of the evidence in a delinquency case, we apply the same standard of review as in criminal cases; that is, we view the evidence in the light most favorable to the State, considering only the proof that tends to support the finding of guilt. T.S. v. State , 2017 Ark. App. 578, at 3-4, 534 S.W.3d 160, 162. We will affirm if the adjudication is supported by substantial evidence, which is evidence that is of sufficient force and character to compel a conclusion one way or the other without resorting to speculation or conjecture. Id. In considering the evidence presented below, we will not weigh the evidence or assess the credibility of witnesses, because those are questions for the fact-finder. J.N.A. v. State , 2017 Ark. App. 502, at 5, 532 S.W.3d 582, 586-87. The substantial-evidence standard of review also applies when reviewing the sufficiency of the State's negation of a justification defense. Crews v. State , 2017 Ark. App. 670, at 5, 536 S.W.3d 182, 186.
The trial court, sitting as the trier of fact, found that appellant's use of force was not justified under the circumstances. It is undisputed that D.G. made a threat the night before the incident, appellant did not notify anyone at the detention center of the threat, D.G. was sitting in his desk when appellant entered the classroom at the detention center, appellant rushed D.G. when he entered the room, D.G. stood up, and appellant hit him in the face multiple times. While appellant testified that he "feared for his life" and thought he had to defend himself, the reasonableness of appellant's belief that force was about to be used on him is a question of fact. Credibility of the witnesses is a matter for the fact-finder. J.N.A. , supra. Based on these facts, we hold there was substantial evidence for the court to conclude that the State negated appellant's claim of self-defense. Accordingly, we affirm appellant's adjudication of delinquency for battery in the third degree.
For his second argument on appeal, appellant contends that the trial court erred when it revoked his probation because the State failed to present sufficient *457 evidence on one of the elements of battery, specifically physical injury.[3] The conditions of appellant's probation required him to obey "all State, Federal, and Municipal laws[.]" Under Arkansas Code Annotated section 9-27-339 (Repl. 2015), a juvenile court may revoke a juvenile's probation if it finds by a preponderance of the evidence that the juvenile violated the terms and conditions of probation. The State need only show that the appellant committed one violation in order to sustain a revocation. Brock v. State , 70 Ark. App. 107, 14 S.W.3d 908 (2000). On appeal, the juvenile court's findings will be upheld unless they are clearly against the preponderance of the evidence. Id.
Appellant's probation was revoked based on the trial court's finding of delinquency on the third-degree-battery charge. A finding of guilt beyond a reasonable doubt of a new offense is a sufficient basis on which to revoke probation. Haire v. State , 2010 Ark. App. 89, at 4, 2010 WL 307889 (citing Gaines v. State , 313 Ark. 561, 855 S.W.2d 956 (1993) ). Therefore, we also affirm the revocation of his probation.
Affirmed.
Harrison and Brown, JJ., agree.

Appellant moved for directed verdict. However, appellant's motion for directed verdict was a motion to dismiss because this was a bench trial. Cora v. State , 2009 Ark. App. 431, at 3, 319 S.W.3d 281, 283 (citing Stewart v. State , 362 Ark. 400, 208 S.W.3d 768 (2005) ). A motion to dismiss at a bench trial, like a motion for directed verdict at a jury trial, is considered a challenge to the sufficiency of the evidence. Id.

While the denial of a motion to dismiss in a bench trial is considered a challenge to the sufficiency of the evidence on appeal, we note that appellant does not challenge the sufficiency of the evidence with respect to justification in his brief. Rather, he argues only that the court misapplied the law.

Appellant did not make this argument in his motion to dismiss the battery charge as noted herein above.