Cite as 2019 Ark. App. 364

# ARKANSAS COURT OF APPEALS
DIVISION I
**No.** CR-19-105

| | |
|---|---|
| NOAH DOUGLAS WRIGHT<br><br>APPELLANT<br><br>V.<br><br><br>STATE OF ARKANSAS<br><br>APPELLEE | **OPINION DELIVERED:** SEPTEMBER 11, 2019<br><br>APPEAL FROM THE CRAIGHEAD COUNTY CIRCUIT COURT, WESTERN DISTRICT [NO. 16JCR-17-461]<br><br>HONORABLE PAMELA HONEYCUTT, JUDGE<br><br>AFFIRMED |

## ROBERT J. GLADWIN, Judge

Appellant Noah Wright appeals his conviction by a Craighead County Circuit Court jury of first-degree battery. He argues that the circuit court erred when it relied on Arkansas Rule of Evidence 403 (2018) to unfairly limit his cross-examination of a material witness. We affirm.

## I.  *Facts*

On April 7, 2017, appellant was arguing with his girlfriend, Tiffany Painter, after she had returned to appellant's residence with her child after picking her up from the home of her estranged husband, Danny Painter. While arguing, appellant threw Tiffany down by the throat, demanded that she leave, and made various threats toward Danny. Danny responded to a phone call from Tiffany, picked Tiffany and their child up on the road as they were walking away from appellant's residence, and returned with them to appellant's residence to pick up Tiffany's clothes.

Upon arriving, Tiffany and appellant resumed arguing. Danny exited the vehicle and stepped between the two of them. Although there is contradictory evidence as to who threw the first punch, at some point, appellant struck at Danny with a knife he had clenched in his hand, causing the knife to slash Danny's neck.[1] After telling other individuals inside the residence that he had cut Danny, appellant left the premises and disposed of the knife.

On May 8, 2017, a criminal information was filed charging appellant with battery; aggravated assault on a family or household member; commercial burglary; theft of property (value greater than $1,000 but equal to or less than $5,000); and first-degree criminal mischief (damage less than or equal to $1,000), all as a habitual offender, related to two incidents that allegedly occurred within a few hours on April 7–8, 2017. At a hearing on September 4, 2018, the charges of aggravated assault and battery related to the altercation with Danny were severed by the circuit court for separate trial, which was held on September 6, 2018.

At trial, during the direct examination of Danny, the State introduced his medical records, and those records were admitted into evidence without objection. Danny confirmed that he was familiar with the records and subsequently testified regarding his medical diagnosis—specifying his injury as "a 10-centimeter laceration deep to the left upper neck from post-articular to anterior to left angle of mandible with rapid bleeding." The State also asked Danny to comment on his wounds and the effects of specific medical assessments.

---

[1]The resulting cut required emergency surgery, and Danny temporarily lost function of the left side of his face.

During cross-examination, appellant's attorney attempted to question Danny about whether (1) he had been drinking beer on the night of the incident; (2) a blood test was performed at the hospital; and (3) he was familiar with the results of any such blood–alcohol test contained in his medical records that had previously been admitted into evidence. Appellant's attorney claimed that he wanted Danny to read to the jury the results of a blood test from the hospital regarding his blood–alcohol concentration.

The State objected, arguing that the records had been admitted and that any personal interpretation of what the report states would be inappropriate. The State suggested that the only reason to read any part of the report would be to lead the jury to draw inferences that would be based on facts not in evidence, associations, and inferences for which no foundation had been laid.

Appellant's attorney responded that he should be allowed to question Danny about the records because Danny had already testified regarding the medical evaluations contained therein and that he should be allowed to testify regarding the results of the "tox screen." Appellant's attorney reiterated that he simply wanted Danny to read the report. Appellant's attorney further argued that he should be able to utilize the admitted medical records to impeach Danny's testimony about his level of intoxication at the time of the incident.

The circuit court denied his request, sustained the State's objection on the basis of jury confusion, and prohibited that line of questioning relying on Arkansas Rule of Evidence 403, finding that the report had been admitted and was the best evidence of what it said. The circuit court stated, "I think that even if it is relevant or whatever, that would be so prejudicial and misleading to them—unless there is somebody on there that has some

3

medical background—they're not going to be able to figure out what this means" in reference to a listing of "125" in the report and how it might be interpreted by Danny. The circuit court did allow appellant's attorney to make his argument during closing arguments.

After the State rested, appellant's attorney moved for a directed verdict on both the aggravated-assault charge and the battery charge. The circuit court granted the motion on the charge of aggravated assault but denied it regarding the battery charge. Appellant's attorney timely renewed the motion for directed verdict on the battery charge at the close of the evidence, which was likewise denied.

The jury found appellant guilty of battery in the first degree and sentenced him as a habitual offender to a term of thirty-five years in the Arkansas Department of Correction pursuant to a sentencing order entered on September 7, 2018. A timely notice of appeal was filed on October 2, 2018, and this appeal followed.

II.  *Standard of Review and Applicable Law*

The decision of the circuit court to admit or exclude evidence is not reversed absent an abuse of discretion. *E.g.*, *Miller v. State*, 2018 Ark. App. 614, at 2, 567 S.W.3d 68, 70. This requires the circuit court to have acted improvidently, thoughtlessly, or without due consideration. *Id*. Even if the exclusion of evidence is in error, a conviction will not be reversed when the error is harmless due to overwhelming evidence of guilt. *E.g.*, *Jefferson v. State*, 2017 Ark. App. 536, at 6, 532 S.W.3d 593, 597.

Relevant evidence is defined as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Ark. R. Evid. 401. Evidence that is not

4

relevant is not admissible. Ark. R. Evid. 402. The circuit court may exclude relevant evidence "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Ark. R. Evid. 403.

### III. *Discussion*

The sole issue on appeal is whether the circuit court erred when it relied on Rule 403 to limit appellant's cross-examination of a material witness—the victim, Danny Painter. Appellant argues that this ruling infringed on his due-process right to confront and cross-examine witnesses called to testify against him as guaranteed by the Confrontation Clause of the Sixth Amendment to the U.S. Constitution and made obligatory on the states by the Fourteenth Amendment. *See Chambers v. Mississippi*, 410 U.S. 284, 294 (1973); *Dutton v. Evans*, 400 U.S. 74 (1970); *In re Oliver*, 333 U.S. 257, 273 (1948).

Appellant argues that the circuit court's rationale that further testimony by Danny about the records would be prejudicial and confusing to the jury unless the records could be further explained through extra medical testimony is illogical because the court had already allowed the State to question Danny without requiring further medical explanation. Appellant maintains that prohibiting similar questioning by him deprived him of his due-process right to a fair trial because it unfairly limited his right to cross-examine Danny.

We initially address procedural arguments raised by the State. First, a review of the supplemental addendum and the record indicates that the blood-test results argued about at trial are contained therein, albeit in incorrect order and out of sequence; therefore, we find

no merit to the State's argument that the record is incomplete, causing appellant's argument to be waived.

Next, the State maintains that the issue before us is considerably narrower than that presented by appellant. Appellant's counsel limited the scope of his objection at trial by stating that he wanted Danny to read only the numbers from the blood test. Appellant's counsel did not argue, and the circuit court did not rule on, the basis of the Confrontation Clause; thus, that claim is not preserved for appeal. *See, e.g.*, *Bertrand v. State*, 363 Ark. 422, 428–29, 214 S.W.3d 822, 826–27 (2005) (holding that failure to obtain a ruling on a Confrontation Clause argument does not preserve the issue for appeal). Although we agree that appellant has failed to preserve a Confrontation Clause argument for our review, we hold that the Rule 403 issue is properly preserved.

The circuit court found that the primary issue with allowing Danny to read aloud the results from the medical records was potential jury confusion. The test result in question reads as follows:

### ★★★SPECIAL CHEMISTRY★★★

| Date | COLL 4/7/17 | | |
|------|-------------|-----------|-------|
| Time | 1830 | Reference | Units |
| | | | |
| ETHANOL    \|    125H \| | | \|  (<10) | MG/DL |

We hold that the circuit court did not err in declining to allow Danny to read the result. The danger inherent in reading these test results was that without further explanation as to the specifics of the results, the jury would confuse the numbers with the more common

6

measurement of blood-alcohol content. If appellant's attorney wanted to present testimony about the meaning of blood-test results, an expert should have been called to testify.

Testimony of the results of the blood test, in addition to fostering confusion, also would have been more prejudicial than probative. Drug and alcohol use by a victim in a case in which justification is at issue is often inadmissible as evidence whose probative value is substantially outweighed by the danger of unfair prejudice. *E.g.*, *Wade v. State*, 2017 Ark. App. 157, at 5–6, 516 S.W.3d 772, 775 (holding that a victim's drug intoxication was more prejudicial than probative and that the appellant's justification defense was not prejudiced by exclusion of toxicology reports indicating the victim's drug use because he did not know this fact at the time of the murder and ample evidence was presented of the victim's aggressive and erratic behavior; s*ee also Sipe v. State*, 2012 Ark. App. 261, at 13, 404 S.W.3d 164, 172 (holding that the victim's intoxication at time of death was more prejudicial than probative, it did not matter in justification defense because appellant did not know about it at the time, and appellant still brought to the jury's attention, without objection by the State, the victim's being "amped up on meth and hydrocodones")). Likewise, in this case, there was no evidence presented that appellant knew Danny had been drinking prior to the altercation. Accordingly, any evidence of Danny's possible intoxication would have been more prejudicial than probative.

Finally, and in the alternative, even if the circuit court had abused its discretion by not allowing Danny to recite the results of the "tox-screen," any error was harmless. Danny confirmed on direct and cross-examination that he had consumed two or three beers that day. The results of the blood–alcohol test were in evidence in the medical records. Further,

the circuit court allowed appellant's attorney to argue to the jury the significance of the blood-alcohol test results during closing arguments—and appellant's attorney took full advantage of the opportunity. Moreover, considering the overwhelming amount of evidence that supported the verdict, appellant was not prejudiced by Danny's failure to read aloud the test results that were already in evidence and argued by appellant's attorney during closing.

Affirmed.

VAUGHT and BROWN, JJ., agree.

*Terry Goodwin Jones*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Chris R. Warthen*, Ass't Att'y Gen., for appellee.