
# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CR–14–681

CRYSTAL SCOTT-PAXSON

APPELLANT

V.

STATE OF ARKANSAS

APPELLEE

Opinion Delivered March 4, 2015

APPEAL FROM THE JEFFERSON COUNTY CIRCUIT COURT
[NO. CR–2012-410-2]

HONORABLE ROBERT H. WYATT, JR., JUDGE

AFFIRMED

## PHILLIP T. WHITEAKER, Judge

Crystal Scott-Paxson appeals her Jefferson County conviction of first-degree murder, arguing there was insufficient evidence that she purposely caused the death of James "Sandy" Johnson. Because there was sufficient evidence from which the jury could find that Scott-Paxson acted purposely, we affirm.

The test for determining the sufficiency of the evidence is whether the verdict is supported by substantial evidence, direct or circumstantial. *Russell v. State*, 367 Ark. 557, 560, 242 S.W.3d 265, 267 (2006). When a defendant challenges the sufficiency of the evidence that led to a conviction, the evidence is viewed in the light most favorable to the State. *Id.* Only evidence supporting the verdict will be considered. *Id.* Thus, we start with a discussion of the pertinent facts surrounding Johnson's death.

In June 2012, Scott-Paxson admittedly shot and killed her boyfriend, Sandy Johnson. The two, Scott-Paxson and Johnson, had been involved in an escalating dispute throughout

the course of the day. The dispute started early in the morning with Johnson acting "mean" toward Scott-Paxson and ended in a "fight." Johnson left the house after this first altercation. When Johnson returned later that day, the two got into another "fight." Johnson had been drinking and, during this second altercation, he threw a cup at Scott-Paxson. After the altercation, Johnson drove Scott-Paxson to her home to retrieve her car and then left for a party. Scott-Paxson went shopping before returning to Johnson's house to prepare dinner.

When Johnson returned home after the party, he was drunk. He began calling Scott-Paxson derogatory names. Based on her past altercations with Johnson, Scott-Paxson recognized Johnson's behavior as a pattern of escalation usually ending in physical violence toward her. As a result, Scott-Paxson retrieved a .38 revolver from the top of a safe and placed it under a sofa cushion beside her. While seated in a recliner, Johnson threw a cup of wine at Scott-Paxson. At that point, Scott-Paxson pulled the revolver from beneath the couch pillow and emptied it into Johnson, shooting him five times.

Based upon this evidence, Scott-Paxson was convicted of first-degree murder. First-degree murder is defined in Arkansas Code Annotated section 5-10-102(a)(2), which provides in relevant part:

> (a)     A person commits murder in the first degree if:
>
> . . .
>
> (2) With a purpose of causing the death of another person, the person causes the death of another person.

Ark. Code Ann. § 5-10-102(a)(2) (Repl. 2013).

Here, Scott-Paxson does not dispute that she shot and killed Johnson. Rather, she contends she was acting under extreme emotional distress due to the volatile and abusive nature of their relationship. Consequently, Scott-Paxson challenges the sufficiency of the evidence, arguing that she was acting under extreme emotional disturbance and, therefore, had not acted with the purpose to cause Johnson's death.

A person acts purposely with respect to his or her conduct or a result of his or her conduct when it is the person's conscious object to engage in conduct of that nature or to cause the result. *See* Ark. Code Ann. § 5-2-202(1) (Repl. 2013). A criminal defendant's intent or state of mind is seldom capable of proof by direct evidence and must usually be inferred from the circumstances of the crime. *See Davis v. State*, 2009 Ark. 478, 348 S.W.3d 553. Thus, the supreme court has recognized that the intent necessary for first-degree murder may be inferred from the type of weapon used, from the manner of its use, and the nature, extent, and location of the wounds. *See Copeland v. State*, 343 Ark. 327, 37 S.W.3d 567 (2001).

Viewing the evidence in the light most favorable to the State, there was sufficient evidence of purposeful intent to support the conviction. Scott-Paxson claims that she did not act with the requisite intent because she was acting under extreme emotional distress due to the volatile and abusive nature of their relationship. However, Scott-Paxson was aware of the pattern of escalation, yet she returned to Johnson's house despite the signs that the situation was escalating. She knew that he was going to a party and would return home even more intoxicated than he was when he left. When he returned to the home and the escalating

behavior continued, instead of leaving in her car, she retrieved a gun and hid it under the sofa cushion. She then shot him five times from several feet away while he was reclined in a chair. There was no evidence of any struggle. Then, after the shooting, she called her mother and her uncle but did not call 911.

Based on these facts, there was sufficient evidence for the jury to conclude that Scott–Paxson knowingly and purposely retrieved the gun, hid it under the sofa cushion, and shot Johnson when he was in a vulnerable position reclined in his chair. Scott-Paxson's rationalization of the events was simply a matter of credibility for the jury to decide. It is well settled that this court will not weigh the credibility of the witnesses, as that is a determination for the jury. *Williams v. State*, 363 Ark. 395, 214 S.W.3d 829 (2005).

We affirm.

HARRISON and VAUGHT, JJ., agree.

*Potts Law Office*, by: *Gary W. Potts*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Ashley Priest*, Ass't Att'y Gen., for appellee.